ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| VICTOR STANLEY, INC.<br>P.O. Drawer 330<br>2103 Brickhouse Rd.<br>Dunkirk, MD 20754<br>(Calvert County) | )<br>)<br>)<br>)<br>)<br>) |
| Plaintiff, | )     Civil Action No.<br>) |
| v. | )<br>) |
| CREATIVE PIPE, INC.<br>76307 Via Montelena<br>Indian Wells, CA 92210 | )<br>)<br>)<br>) |
| MARK T. PAPPAS<br>76307 Via Montelena<br>Indian Wells, CA 92210 | )<br>)<br>)<br>) |
| STEPHANIE E. PAPPAS<br>40283 Desert Creek Lane<br>Rancho Mirage, CA 92270 | )<br>)<br>)<br>) |
| and | )<br>) |
| JOHN DOE a/k/a FRED BASS, | )<br>) |
| Defendants. | )<br>) |

## VERIFIED COMPLAINT

Plaintiff Victor Stanley, Inc. brings this action against Defendants Creative Pipe,

Inc., Mark Pappas, Stephanie E. Pappas, and John Doe a/k/a "Fred Bass", and complains

and alleges as follows:

## NATURE OF THE CASE

1.      This case arises out of the blatant, unlawful and malicious

misappropriation of the valuable intellectual property and other works of Victor Stanley,

1

Dockets.Justia.com

Inc. ("Victor Stanley") by one of its competitors, Creative Pipe, Inc. ("Creative Pipe") and its owners, Mark T. Pappas and Stephanie E. Pappas. Victor Stanley is a manufacturer of site furnishings such as benches and litter receptacles and is known in the industry as a standard maker. At its two facilities in Maryland, Victor Stanley has been manufacturing the highest quality products for over 44 years, has won numerous patents for its products, and distributes its products throughout the world. Victor Stanley has invested millions of dollars in the design and development of, and the technology needed to produce, its distinctive site furnishings. Creative Pipe, on the other hand, is a new entrant into the site furnishings business, has no apparent manufacturing facilities or engineering know-how and it contracts with outside firms, including foreign firms, to manufacture the site furnishings it is trying to sell under its name in the United States. Creative Pipe lacks the desire, knowledge, manufacturing capacity and experience necessary to create and produce quality site furnishings on its own and it wants to avoid the substantial costs associated with developing and designing or setting up the production of its own products. Consequently, Creative Pipe and the Pappases have engaged in a scheme to illegally copy the drawings and photographs of standard-setting Victor Stanley products and then pass those drawings/photographs off as their work product in competitive bids. They have also illegally imitated the patented products of Victor Stanley and used photographs of Victor Stanley products in their own advertising, passing those products off as their own. They have engaged in a persistent pattern of making false and misleading claims about their products, falsely claiming that their site furnishings are superior or that they have qualities which they do not. The misappropriation the works of Victor Stanley has allowed Creative Pipe and the Pappases

to cut out the substantial design and development costs that would otherwise be part of the costs of product development. As a result of the cost advantage created by usurping the works of Victor Stanley, Creative Pipe has been able to underbid Victor Stanley in various recent projects. Thus, contracts that would have been awarded to Victor Stanley and created jobs for Maryland workers have been diverted to Creative Pipe and shifted jobs from Maryland to offshore entities.

2.      Because of these unlawful actions which continue to cause serious injury to Victor Stanley, this Verified Complaint seeks damages and injunctive relief for claims of: (1) copyright infringement arising under the Copyright Act, 17 U.S.C. §§ 101 *et seq.*; (2) unfair competition arising under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.* and Maryland law; (3) misappropriation/ conversion of property under Maryland law; (4) breach of license agreement under Maryland law; (5) tortious breach of contract, (6) fraud, (7) false advertising under the Lanham Act; (8) patent infringement arising under the U.S. patent laws, 35 U.S.C. §§ 1 *et seq*; (9) tortious interference with prospective contracts; (10) civil conspiracy; (11) unlawful aiding and abetting; and (12) and unjust enrichment.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332(a)(1) and 1338(a), (b). This case arises, in part, out of the laws of the United States, the case is between citizens of different States, and the amount in controversy, exclusive of interest and costs, exceeds the value of $75,000. This Court has jurisdiction over the supplemental "state law" claims pursuant to 28 U.S.C. § 1367(a) and § 1332(a)(1).

4.     Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(1), (2) and 1400 (b) because a substantial part of the events giving rise to this matter occurred in this judicial district and the property that was misappropriated is located in this district.

<b><u>PARTIES</u></b>

5.     Plaintiff Victor Stanley, Inc. ("Victor Stanley") is a Maryland corporation with its principal place of business in Dunkirk, MD.

6.     Defendant Creative Pipe, Inc. ("Creative Pipe") is a California corporation that has its principal place of business in California. It is the successor corporation to Creative Pipe, Inc. which was originally formed and incorporated in Oregon.

7.      Defendant Mark T. Pappas is a resident of California and is an officer of Creative Pipe. Pappas controlled and directed the actions and activities of Creative Pipe outlined in this Complaint.

8.     Defendant Stephanie E. Pappas is a resident of California and President of Creative Pipe. She is denominated as the legal owner of the shares of Creative Pipe so that Creative Pipe will qualify as a "minority owned" business for public contracts. Hereinafter, Defendants Mark T. Pappas and Stephanie E. Pappas are referred to collectively as "Pappas."

9.     Defendant John Doe a/k/a "Fred Bass" is an individual whose true identity is unknown, but is reasonably believed to be either a) an employee, agent or contractor of Creative Pipe and/or Mark Pappas, or b) a pseudonym for Mark Pappas himself. This John Doe at all times material hereto acted on behalf of and/or in concert with Creative Pipe and/or Pappas in connection with the acts and conduct outlined in this Complaint.

## FACTS

10.     Victor Stanley manufactures a broad line of high quality site furnishings used in public and commercial sites, such as litter receptacles, benches, tables and chairs, ash urns, planters, tree guards, seats, and bollards made from steel, cast ductile iron, several species of wood or recycled plastic. Victor Stanley operates two manufacturing facilities in Maryland that utilize advanced computerized welding robots, state-of-the-art powder coating systems, and automated metalworking and woodworking equipment.

11.     Victor Stanley's customers and specifiers include architects and designers, residential and commercial property owners and managers, and federal, state and local governments throughout the United States, Canada and more than twenty other countries. The company enjoys a worldwide reputation for the distinct design, quality and durability of its products. Victor Stanley has been granted numerous United States and worldwide patents and has patents pending on various designs and utility aspects related to its site furnishings business. Victor Stanley sets the standards in the site furnishing market for quality, durability, and aesthetics.

12.     Defendant Creative Pipe is a recent entrant into the site furnishing business and has no apparent manufacturing facilities or equipment. It has fewer than five employees and operates out of a small office in Southern California. Creative Pipe imports the unfinished metal products which are produced in foreign countries and then contracts with other companies, both domestic and foreign, to finish the goods. Creative Pipe then resells the finished goods in interstate commerce as its own in competition with Victor Stanley and other established firms.

## The Victor Stanley On-Line Product Library

13.     At all times material hereto, Victor Stanley has operated in Maryland a

web site with a URL of www.victorstanley.com.  One portion of the site that is accessible

from the home page is a "Product Library," which includes links to three types of technical

and proprietary data about Victor Stanley's products:  (i) CAD [computer aided design]

drawings; (ii) CSI [Construction Specification Institute] specifications; and (iii) product

images in JPG format.  These links are intended to enable professionals (such as designers

and architects) and prospective customers (such as property owners/managers and

government procurement officials) to view and/or download computerized data about

Victor Stanley products for their use in project design and purchasing activities, such as the

preparation of client presentations and bid documents.

14.     The Product Library contains data and images that are proprietary to

Victory Stanley.  In order to obtain access to the Product Library through Victor

Stanley's web site, a computer user must first electronically come to that Product Library

in Maryland (i.e. "virtual entry"), and then complete an on-line registration form, as if in

Maryland, by furnishing a variety of identifying information (*e.g.*, name, title, company

affiliation, address, phone number, and email address) and select a password.  The same

email address and password must thereafter be used by the user to enter the Product

Library after initial registration.

15.     Once the user completes the registration process, the web site software

program automatically assigns a "Client ID" number to that user.  The software creates a

permanent record of a computer user's initial registration and of each subsequent visit by

that user to the Product Library, including the date and time of the visit and the identity of each file that was accessed and downloaded.

16.     During the initial registration and before a user is able to access the Product Library, the user must affirmatively agree to the Victor Stanley, Inc. "Drawing and Specification License Agreement". (A copy of the License Agreement is attached hereto as **Exhibit 1** and incorporated by reference herein.). The License Agreement specifies the terms and conditions for access to, downloading and any subsequent use of Victor Stanley's proprietary drawings, specifications and images. The License Agreement provides, *inter alia*, that:

- the Product Library materials may be used only "as long as all references as to [their] source are retained" ;

- use of Victor Stanley drawings "specifically excludes the transfer of such material for the purpose of preparing imitation, competing or other products in competition with the source" ;

- "any distribution, copying or other use of these materials without the express written consent of [Victor Stanley] is not permitted" ; and

- "All drawings and specifications are presented as copyright protected, with all rights reserved."

17.     On February 10, 2005, a computer user located in Chatsworth, CA and having a Verizon (GTE) DSL internet connection and using an IP address of 66.12.40.6, logged on to Victor Stanley's web site in Maryland and completed the on-line registration in Maryland for obtaining access to the Product Library. This person identified himself as "Fred Bass, 12589 Edinger, Orange, CA 93548, bass@aol.com", listed his occupation as "developer" and selected "bass" as a password. He was assigned Client ID number 1,789 by the automatic system. This person is sued herein as "John Doe."

18.     The registration information provided by John Doe was false in multiple respects: there is no street address in Orange, CA corresponding to the address he provided; there is no California email address bass@aol.com registered with AOL; and John Doe is not a "developer."

19.     The IP address of 66.12.40.6 is registered to Creative Pipe. John Doe therefore was and is an agent or employee of Defendants Creative Pipe and Pappas, and John Doe took his directions and instructions regarding access to the Victor Stanley Product Library from Defendants Creative Pipe and Pappas.

20.     On at least thirty-eight (38) separate occasions between February 10, 2005 and September 6, 2006, John Doe logged into Victor Stanley's web site using the fictitious name of Fred Bass, entered the Product Library using the aforesaid email address and password, and downloaded a total of 103 separate computer files containing proprietary drawings and specifications of Victor Stanley products. As is set forth below, on at least five of those occasions John Doe downloaded a file of Victor Stanley's proprietary drawings and immediately transferred those files to Creative Pipe and Pappas who, on the very next day, submitted those misappropriated drawings in a bid proposal as if the drawings were Creative Pipe's own.

21.     As alleged herein, the electronic or "virtual" activities of Creative Pipe, Pappas and John Doe were intentional, that the torts that they committed in the course of these electronic or virtual activities were intentional, and that the torts they committed by these electronic and virtual activities were intended to have an impact upon Victor

Stanley in Maryland.

## Government Agency Bids

22.     Federal, state and local governments are important customers of Victor
Stanley and most other suppliers of site furnishings.  Governmental agencies typically
buy site furnishings through a public bidding process in which they specify the kind and
characteristics of furnishings required and then award a contract to the lowest price
bidder whose products meet the specifications.  Many of these government agencies
prefer to buy American-made products or operate with laws and regulations that give
preference to American-content products in the public sector procurement process.

23.     By virtue of its longevity, extensive product line, in-house manufacturing
experience, American manufacturing base, and excellent reputation, public agency bid
documents often specify Victor Stanley's products by name.  For example, in a recent
City of Huntsville, Alabama procurement for which both Victor Stanley and Creative
Pipe submitted bids, the invitation to bid document specified:

> *"Victor Stanley, Inc. Ironsites™ 24 Gallon Capacity Litter Receptacle*
> *Model #S-35 (drawing attached as Attachment "A") or equal"*

This was followed by a General Description of the required product characteristics (*e.g.*,
all fabricated steel components, 24 gallon capacity, dark green in color, high density
plastic liner).  The "or equal" clause enables others to compete with Victor Stanley by
offering comparable products, if, in fact, they can produce such products.

24.     Bidders submit drawings, brochures and/or pictures of their products to
demonstrate to the procurement officials that their products meet the required
specifications.  For example, in the recent City of Huntsville procurement, Creative Pipe

stated:

> "As approved equals to the specified products, we have
> included CAD drawings and specifications from our
> Cascadia Trash Receptacles and Fuvista Ash Urns which
> are equals to the models from Victor Stanley that were
> specified and which meet the specifications for the
> requested items."

Letter of Mark Pappas, Creative Pipe to City Purchasing Agent, Huntsville, Alabama,

dated July 20, 2006 (attached as **Exhibit 2** and incorporated herein by reference).

25.     The "CAD drawing" of the Cascadia Trash Receptacle attached to Pappas'

letter is an unauthorized copy of the drawing for the Victor Stanley Model # S-35

receptacle that appears in Victor Stanley's Product Library.  Creative Pipe's "drawing" is

dated the same day as Pappas' letter, July 20, 2006.  John Doe had downloaded that same

drawing from the Victor Stanley Product Library on July 19, 2006.

26.     The same pattern - - Creative Pipe and Pappas submitting a bid containing

an unauthorized copy of a Victor Stanley drawing one day after John Doe downloaded

the same Victor Stanley drawing from its Product Library - - occurred with at least four

(4) other public bids during 2005 and 2006 in regards to bids for site furnishing projects

at the University of Nevada at Las Vegas, the City of Norfolk, Virginia (twice), and the

City of Portsmouth, Virginia.

27.     Defendants copied the Victor Stanley drawings  (including the drafting

errors made by Victor Stanley) to make it appear (falsely)  to these procurement officials

that Creative Pipe had an existing product that was  equal to the particular Victor Stanley

product specified in the bids.  Had Defendants not misappropriated materials from Victor

Stanley's Product Library and then used them as their own works, Creative Pipe would

not have been eligible for those contract awards

28.     It is believed that Creative Pipe and Pappas have misappropriated and used these and other drawings and specifications misappropriated by John Doe from Victor Stanley's Product Library in other bids. It is apparent that they intend to continue to misappropriate and use such propriety and copyrighted works in order to unfairly compete with Victor Stanley for sales to other public and private sector customers.

29.     Creative Pipe apparently is engaging in the same type of infringement of the works of another competitor in the site furnishings business, Landscape Forms, Inc. ("LFI"). LFI's products, like Victor Stanley's products, enjoy a positive reputation in the market and LFI products are sometimes specified in the bid solicitation documents.  On August 23, 2006 LFI. filed suit in the Northern District of New York against Creative Pipe and Pappas alleging, *inter alia,* that Creative Pipe and Pappas had accessed the LFI web site, copied its copyrighted drawings and works, and then submitted those drawings as Creative Pipe's own works in order to obtain public works contracts for the supply of site furnishings. *Landscape Forms, Inc. v. Creative Pipe, Inc, et al.,* Docket No. 1:06-CV-1017 (N.D.N.Y.).  Ironically, Creative Pipe used the same "Fred Bass" alias in its scheme to access the LFI web site and download the works of LFI.

30.     Mark Pappas is jealous of the success and reputation of Victor Stanley and begrudges the fact that Victor Stanley products are often specified as the standard in competitive bid proposals. Creative Pipe's "Fuvista" line of ash urns is a thinly disguised obscenity directed at Victor Stanley; it is an acronym that stands for "fu- - Victor Stanley." This public obscenity reflects Defendants Creative Pipe's and Pappas' malice towards Victor Stanley.

## Photos of Victor Stanley Products

31.     Creative Pipe advertises through a web site, www.creativepipe.com, and a print catalogue. Creative Pipe and Pappas are solely responsible for the content of these publications. The web site is accessible in Maryland and the catalogue has been sent by Creative Pipe to Maryland. The web site and catalogue contain or have contained photographs of Victor Stanley products, including the C-10 Bench Casting and the Custom Trapdoor Lid for Recycling. By the use of those Victor Stanley products, Creative Pipe is falsely representing that those products are its own. Creative Pipe is using these photographs to compete with Victor Stanley. Victor Stanley did not authorize Creative Pipe to use those images, and Creative Pipe's representations that they depict its own products are false and misleading and injurious to both the public and to Victor Stanley.

## Creative Pipe Advertising

32.     Creative Pipe advertises through print catalogues and on its website which is accessible in Maryland, and Creative Pipe mails its catalogues to locations throughout the United States, including Maryland. In its current product catalogue, Creative Pipe identifies a new security bollard and claims it "stops a 15,000 lb vehicle traveling at 50 mph." This is implied representation that this Creative Pipe- manufactured bollard has been independently crash tested and found to achieve a United States Department of State "K-12" rating, the highest barrier rating achievable under that agency's Crash Test Certification standard, SD-STD-02.01 ("Specification for Vehicle Crash Test Perimeter Barriers and Gates"). This representation is false because the Creative Pipe bollard has not been tested or awarded any K rating and Creative Pipe is not a Department of State

approved supplier of bollards. This representation is injurious to Victor Stanley because it implies an advantage to Creative Pipe's bollard over Victor Stanley's bollards, which it, in fact, does not have.

33.     Creative Pipe's web site contains a picture and description of a bench called a "Nabelli Cast Bench". Creative Pipe describes this bench as being compliant with the Americans with Disabilities Act ("ADA") standards, claiming that: "The Nabelli Bench was designed from start to finish to meet all of the new ADA requirements and regulations with respect to public benches. It is one of the few benches on the market to be fully ADA Compliant." This representation is false and misleading because there are no existing standards for stand-alone park benches promulgated under the Americans with Disabilities Act. This false and misleading claim is injurious to Victor Stanley because it implies an advantage to Creative Pipe's bench over Victor Stanley's benches, which it, in fact, does not have. It is intended to fraudulently influence specifying agencies and end users to use Creative Pipe products based on a fictitious claim of compliance with a non-existent federal regulation.

34.     In various print and electronic advertisements Creative Pipe claims that its products or some of them are "Made in America." This representation is false because many of its products are manufactured in substantial or total part in a foreign country.

35.     In reference to its site furnishings, Creative Pipe has advertised that "we design and manufacture our products", that it has the ability "to create custom site appointment solutions," and that it has "developed an innovative method of manufacturing our site amenities that results in unsurpassed strength and integrity..." These claims are false because Creative Pipeline does not manufacture its site furnishings

13

and its site amenities do not have unsurpassed strength and integrity.

36.     In reference to its site furnishings, Creative Pipe has advertised that it is "constantly developing progressive and functional new designs", that it has a "revolutionary, proprietary manufacturing process." These claims are false because Creative Pipe has no design capacity; it has no propriety manufacturing process for its site furnishings; and it has copied the products of Victor Stanley and other manufacturers of site furnishings.

37.     In reference to its site furnishings, Creative Pipe has advertised that "it has two state-of-the-art manufacturing facilities", and that "as an American furniture manufacturer, we design and manufacture our products....", and that "all our work is done in house." These claims are false because Creative Pipe does not have two manufacturing facilities, it is not a manufacturer of site furnishings, and it does not do all its manufacturing work in house.

38.     These false claims are material to perspective consumers, likely to deceive, and injurious to Victor Stanley. The claims of "American-made" were material deceptions because many of the site furnishings are purchased by public and private entities which by regulation, statute, legislation or policy give preference to American-made or American-content products in the procurement process. Thus, Defendants have been able to pass off their foreign-made products as American made, thereby diverting sales from Victor Stanley to Creative Pipe.

39.     The false claims that Creative Pipe manufactures and designs it own site furnishings is material to buyers because most buyers of site furnishings prefer to deal with sellers that have the in-house know how and skill to adjust, modify and correct any

problem or deficiency that might arise after the products are delivered. The ability to design and manufacture also implies an enhanced level of product quality and product knowledge superior to that of a company that has the product designed and manufactured by someone else. Creating the false impression that it is a manufacturer, enhanced Creative Pipe's image in the marketplace and help divert sales from Victor Stanley to it.

**Count I**
**COPYRIGHT INFRINGEMENT**
**(Against All Defendants)**

40.     Plaintiff restates and realleges Paragraphs 1 - 39 inclusive and hereby incorporates the same by reference as if fully alleged herein.

41.     Victor Stanley applied to the Register of Copyrights for a Certificate of Registration for the following drawings ("Works") in its Product Library, and received the following Certificates which are attached hereto as **Exhibits 3-11** and incorporated by references:

| Drawing | Certificate Issued | Exhibit No. |
|---|---|---|
| a.  RMFC-24 Steelsite RB series | 9/18/06 | 3 |
| b.  C-10 Classic series | 9/18/06 | 4 |
| c.  CR-10 Classic series | 9/18/06 | 5 |
| d.  S-35 Ironsites | 9/18/06 | 6 |
| e.   S-24 Ironsites series | 9/18/06 | 7 |
| f.  T-32 T series | 9/18/06 | 8 |

| | | |
|---|---|---|
| g.  T-24 T series | 9/18/06 | 9 |
| h.  S-20 Ironsites series | 9/18/06 | 10 |
| i.  S-42 Ironsites series | 9/18/06 | 11 |

42.     Victor Stanley complied in all respects with the provisions of the Copyright Act of 1976 as to the aforesaid Works and enjoys all of the exclusive rights and privileges of a copyright holder, including the exclusive right to reproduce, display, and distribute those works.  Each one of the aforesaid Works is the original works of Victor Stanley.

43.     Defendants have knowingly and willfully copied one or more of the aforesaid Works in connection with preparing, submitting and/or performing bids submitted by Creative Pipe to government procurement agencies for the City of Huntsville, AL (July 20, 2006); the University of Nevada at Las Vegas (June 22, 2005); the City of Norfolk, Virginia (June 08, 2006 and July 05, 2006); and the City of Portsmouth, Virginia (September 15, 2005).

44.     Defendants knew that the Product Library contained original works of authorship that are subject to copyrights owned by Victor Stanley. When Defendants copied the Works under false pretenses they knew that their copying and use was in violation of Victor Stanley's copyrights.  Defendants' acts of infringement likely will continue to be willful, wanton, knowing, deliberate and without any actual or colorable claim of right.

45.     By reason of Defendants' acts of infringement, Victor Stanley has suffered and, unless such acts are temporarily, preliminarily and permanently enjoined, will

continue to suffer immediate and irreparable injury and damage, in an amount not now capable of being ascertained.

WHEREFORE, Victor Stanley demands judgment in its favor and against Defendants Creative Pipe, Pappas and John Doe, jointly and severally, as follows:

A.  That liability be found and judgment entered against each Defendant for copyright infringement in violation of the Copyright Act, 17 U.S.C. § 501;

B.  That an injunction temporarily, preliminarily and permanently enjoining Defendants, their agents, employees and all persons acting in concert with them: (i) from engaging in any further acts in violation of the copyright laws; (ii) to deliver up for impounding during the pendency of this action, and destruction thereafter, all documents that constitute or contain copies of the copyrighted works; (iii) to delete, purge and expunge by an early date from its web site, on-line catalogues, computers, computer servers, and computerized systems any and all data, records, files, and code that constitute or contain Victor Stanley's copyrighted works in electronic or magnetic form; (iv) from distributing any products in connection with any contract Defendants obtained by use of the Victor Stanley copyrighted works; (v) from using the downloaded and copied drawings in any fashion, including the submittal of bids, the production or distribution of products initially derived from such information; and (vi) to notify all persons and entities that received the copyrighted works from Defendants of the true ownership and source of those works;

C.  That Victor Stanley be awarded its actual damages as a result of Defendants' copyright infringement, including all profits realized by Defendants attributable to their infringing acts that are not taken into account in computing actual damages; and

D.  That the Court grant such other and further relief as it shall deem just and proper.

## Count II
## UNFAIR COMPETITION
### (Against Creative Pipe and Pappas)

46.  Plaintiff restates and realleges Paragraphs 1 - 45 inclusive and hereby incorporates the same by reference as if fully alleged herein.

47.  Beginning at least as early as February, 2005 and continuing to the

present, and by, through and with the active aid, abetting and assistance of both Pappas and John Doe, Creative Pipe:

a.   obtained access to Victor Stanley's proprietary Product Library through deceptive, false, and unfair means;

b.   downloaded, copied, manipulated and reproduced copyrighted drawings and specifications of Victor Stanley products;

c.   submitted unauthorized copies of Victor Stanley drawings to prospective customers, including public procurement agencies and private entities as Creative Pipe's own works;

d.   made or obtained photographs of Victor Stanley products, including benches and receptacles, and used those photographs in advertising and marketing to pass off the depicted products as its own;

e.   illegally imitated patented products of Victor Stanley;

f.   engaged in the making of false claims about the Creative Pipe site furnishings; and

g.   undercut Victor Stanley in various bids by use of materials and drawings they illegally obtained.

48.     The Victor Stanley drawings and products were created at considerable effort and expense and they constitute a valuable asset and competitive advantage of Victor Stanley.

49.     Creative Pipe did not invest time, effort, or money to create its own drawings and competitive products but, instead, improperly and unfairly misappropriated and used Victor Stanley's drawings and images of its products to unfairly compete with Victor Stanley. This gave Creative Pipe an unfair advantage over Victor Stanley because it did not incur any significant development costs and thus could offer its products at a much lower price than had it had to pay for the creation and development of its own

drawings and products.

50.     Through the illegal conduct alleged herein, and by other means, Defendant Creative Pipe falsely claimed that it is the original creator and/or source of the aforesaid drawings and products.

51.     Defendants Creative Pipe and Pappas have engaged in unfair methods of competition in interstate commerce in violation of the Lanham Act, 15 U.S.C. § 1125(a) and common law.  As a direct and proximate result of Defendants' wrongful acts and practices, Victor Stanley has been injured.

52.     Unless and until Defendants Creative Pipe and Pappas are enjoined temporarily, preliminarily and permanently from further commission of such acts of unfair methods of competition and unfair or deceptive acts and practices, Victor Stanley will continue to suffer irreparable harm in an amount that is not capable of determination. Victor Stanley does not have an adequate remedy at law.

53.     Defendants' conduct was, is and likely will continue to be willful, wanton, knowing, deliberate and without any actual or colorable claim of right.

WHEREFORE, Victor Stanley demands judgment in its favor and against Defendants Creative Pipe and Pappas, jointly and severally, as follows:

A.      That liability be found and judgment entered against these Defendants  for unfair competition in violation of 15 U.S.C. § 1125(a) and common law;

B.      That Defendants Creative Pipe and Pappas be enjoined temporarily, preliminarily and permanently from using Victor Stanley photographs and drawings in any bid, contract proposal, advertising, web site, or catalogue;

C.      That it be awarded actual damages and/ or Defendants' profits pursuant to the Lanham Act, 15 U.S.C. §§ 1116, 1117 and common law;

D.      That it be awarded increased damages up to three times the amount of actual damages, as well as attorney's fees, pursuant to 15 U.S.C. § 1117; and

E.  That the Court grant such other and further relief as it shall deem just and proper.

## Count III
## MISAPPROPRIATION
### (Against All Defendants)

54.     Plaintiff restates and realleges Paragraphs 1 – 53, inclusive and hereby incorporates the same by reference as if fully alleged herein.

55.     Defendants improperly and unlawfully misappropriated, converted and misused Victor Stanley's proprietary Product Library materials, including the distinctive and original textual and graphic expressions contained therein, to "create" the bid and other marketing documents, which Creative Pipe used and uses to advertise and sell products in competition with Victor Stanley.

56.     Defendants' misappropriations and conversions were intentional, willful, and malicious.

57.     By virtue of Defendants' misappropriation, conversion and improper use of Victor Stanley's proprietary Product Library materials, Victor Stanley and the general public have been injured in an amount in excess of $75,000, exclusive of interest and costs.

58.     Unless and until Defendants are enjoined preliminarily and permanently from further commission of such acts of misappropriation, conversion and unlawful use of Victor Stanley's valuable property, Plaintiff will continue to suffer irreparable injury for which it has no adequate remedy at law.

WHEREFORE, Victor Stanley demands judgment in its favor and against Defendants Creative Pipe, Pappas and John Doe, jointly and severally, as follows:

A. That the Court declare, adjudge and decree that Defendants have engaged in misappropriation and conversion of property in violation of common law;

B. That the Court award Victor Stanley its actual damages caused by Defendants' misappropriation and conversion, including all profits realized by their unlawful acts;

C. That Victor Stanley be awarded punitive damages, its attorney fees and costs; and

D. That the Court grant such other and further relief as it shall deem just and proper.

## Count IV
## BREACH OF LICENSE AGREEMENT
### (Against All Defendants)

59. Plaintiff restates and realleges Paragraphs 1 - 58 inclusive and hereby incorporates the same by reference as if fully alleged herein.

60. John Doe was acting on behalf of, and at the direction of, defendants Creative Pipe and Pappas when he accessed the Product Library. In consideration for access to Victor Stanley's proprietary Product Library materials, John Doe promised, on behalf of himself and his principals Defendants Creative Pipe and Pappas, to be bound by the terms and conditions of the License Agreement.

61. John Doe, Creative Pipe and Pappas breached that agreement by, among other things, failing to retain the source identifiers of those materials when they used and disseminated the materials; using the materials to prepare imitation, competing or other products in competition with Victor Stanley; using the materials to prepare bids in competition with Victor Stanley; and distributing, copying and using those materials without the express written consent of Victor Stanley.

62. By reason of the aforesaid breaches, Victor Stanley has been injured in an

amount in excess of $75,000, exclusive of interest and costs.

WHEREFORE, Victor Stanley demands judgment in its favor and against

Defendants Creative Pipe, Pappas John Doe, jointly and severally, as follows:

A.  That the Court declare, adjudge and decree that Creative Pipe, Pappas and John Doe breached the License Agreement;

B.  That the Court award compensatory damages in excess of $75,000 to compensate Victor Stanley for Defendants' breach; and

C.  That the Court grant such other and further relief as it shall deem just and proper.

**Count V**
**<u>TORTIOUS BREACH OF CONTRACT</u>**
**(Against All Defendants)**

63.  Plaintiff restates and realleges Paragraphs 1 - 62 inclusive and hereby

incorporates the same by reference as if fully alleged herein.

64.  Victor Stanley and Defendants Creative Pipe, Pappas, and John Doe were

in a contractual relationship by virtue of Defendants' agreement to abide by the terms of

the License Agreement.

65.  Defendants thereafter willfully and maliciously and with actual intent to

harm Victor Stanley breached that License Agreement. Those willful and malicious

breaches include misappropriation of Victor Stanley's copyrighted works and then

passing those works off as those of Creative Pipe in a deceptive fashion.

66.  There is a direct nexus between the tortuous acts and the underlying

breach of the License Agreement such that the tortious acts alleged herein and breach of

the License Agreement alleged herein are so intertwined that one claim cannot be viewed

in isolation from the other.

67.  As a direct and proximate result of these acts, Victor Stanley has been

injured and damaged in an amount in excess of $75,000, exclusive of interest and costs.

WHEREFORE, Victor Stanley demands judgment in its favor and against

Defendants Creative Pipe, Pappas John Doe, jointly and severally, as follows:

A.    That the Court declare, adjudge and decree that Creative Pipeline Line, Pappas and John Doe tortuously breached the License Agreement;

B.    That the Court award compensatory damages in excess of $75,000 to compensate Victor Stanley for Defendants' breach; and

C.    That the Court grant such other and further relief as it shall deem just and proper.

## Count VI
## FRAUD
### (Against All Defendants)

68.    Plaintiff restates and realleges Paragraphs 1 - 67 inclusive and hereby incorporates the same by reference as if fully alleged herein.

69.    When registering for access to the Product Library, John Doe knowingly submitted false information (*i.e.*, a false identity, mail and email addresses, phone number, occupation, how he heard about Victor Stanley, and purpose of access/use) in order to conceal his association and conspiracy with Creative Pipe and Pappas and their true commercial purpose for obtaining access to Victor Stanley's proprietary materials.

70.    Victor Stanley relied on the aforesaid representations as to identity and purpose of use in allowing access to its Product Library to John Doe.

71.    John Doe defrauded and mislead Victor Stanley with the knowledge and at the direction of Creative Pipe and Pappas and in concert and conspiracy with them. Defendants acted with malice toward and/or reckless disregard of Victor Stanley's rights and interests.

72.    As a direct and proximate result of these acts, Victor Stanley has been

injured and damaged in an amount in excess of $75,000, exclusive of interests and costs.

WHEREFORE, Victor Stanley demands judgment in its favor and against

Defendants Creative Pipe, Pappas and John Doe, jointly and severally, as follows:

A.    That Defendants and each of them be adjudged to have obtained access to Victor Stanley's proprietary Product Library through false and fraudulent means;

B.    An award of its actual damages and attorney fees and costs;

C.    An award of punitive damages; and

D.    Such other and further relief as the Court may deem just and proper.

## Count VII
## FALSE ADVERTISING AND DESIGNATIONS
### (Against Creative Pipe and Pappas)

73.    Plaintiff restates and realleges Paragraphs 1 - 72 inclusive and hereby incorporates the same by reference as if fully alleged herein.

74.    Defendant Creative Pipe's print and electronic advertising, which has been disseminated in interstate commerce, contains false and misleading descriptions or representations of fact in respect to the claims that:

a.    its new bollard has been independently crash tested and found to achieve a Department of State "K-12" rating;

b.    its Nabelli Cast Bench is "fully ADA compliant";

c.    its products are "made in America";

d.    it designs and manufactures its site furnishings;

e.    it is developing progressive and functional new designs;

f.    it has two manufacturing facilities in the United States;

g.    all its work is done in house;

h.    that it has "developed an innovative method of manufacturing its site

amenities that results in unsurpassed strength and integrity"; and

      i.   it has a "revolutionary proprietary manufacturing process."

75.     Defendants' advertising, marketing and conduct have, and are likely to continue to, confuse, mislead and deceive customers, potential customers and members of the public as to the safety, quality, utility and origin of the Creative Pipe site furnishings.

76.     Defendants' false and misleading advertising and claims have injured and damaged Victor Stanley in an amount in excess of $75,000, exclusive of interest and costs.

77.     Defendants' conduct has caused, and unless declared unlawful and enjoined, will continue to cause, irreparable harm and damage to the Plaintiff, its business and/or the valuable goodwill established by Plaintiff in its competing products.

78.     The aforesaid false and misleading advertising by Creative Products was directed by and controlled by Pappas.

79.     Defendants' wrongful acts were and are willful, deliberate, wanton and without any claim of right, thereby rendering this an "extraordinary" case.

WHEREFORE, Victor Stanley demands judgment in its favor and against Defendants Creative Pipe and Pappas, jointly and severally, as follows:

A.    That liability be found and judgment entered against Defendants Creative Pipeline and Pappas for false advertising and designations in violation of 15 U.S.C. § 1125(a);

B.    That it be awarded actual damages and/or Defendants' profits pursuant to the Lanham Act, 15 U.S.C. §§ 1116, 1117;

C.    That it be awarded increased damages up to treble the amount of actual damages, as well as attorney's fees pursuant to 15 U.S.C. § 1117; and

D.    That the Court grant such other and further relief as it shall deem just and

proper.

## Count VIII
## PATENT INFRINGEMENT
### (Against Creative Pipe and Pappas)

80.     Plaintiff restates and realleges Paragraphs 1 - 79 inclusive and hereby incorporates the same by reference as if fully alleged herein.

81.     The inventive design of U.S. Patent No. D523,263 S ("the '263 Patent"), *End Frame for a Bench*, was developed at Victor Stanley by Gerald P. Skalka. The '263 Patent duly and lawfully issued on January 20, 2006. A true copy of the '263 Patent is attached hereto as **Exhibit 12** and incorporated herein by reference.

82.     Victor Stanley is the assignee of record of the '263 Patent and the owner of all right, title and interest therein and for some time has been manufacturing and selling benches that incorporate an end frame design under the '263 Patent.

83.     Defendants has been and is currently infringing, contributing to the infringement of, and inducing the infringement of the '263 Patent, directly and indirectly, by, among other things, selling, offering for sale, and/or using, within the territorial boundaries of the United States and within this judicial district, benches with an end frame that are covered by one or more claims of the '263 Patent, without the consent, license or authorization of Victor Stanley.

84.     Defendant Mark Pappas has full and direct authority and control over the products marketed by Creative Pipe, and he willfully and intentionally caused and directed infringement of the '263 Patent.

85. Defendants' infringement of the '263 Patent has caused and, unless preliminarily and permanently enjoined by this Court, will continue to cause irreparable injury and damage to Victor Stanley in an amount not now ascertainable.

86. Defendants have actual notice of their infringement of the '263 Patent by and through a letter dated July 12, 2006, in which Victor Stanley demanded that Defendants cease and desist their infringing activities and expunge references to the infringing product from Creative Pipe's advertising, and confirm the same in writing. Defendants received the demand letter but failed to respond to it.

87. Defendants have willfully and deliberately committed the aforesaid acts of infringement. This is an exceptional case under 35 U.S.C. § 285, entitling Victor Stanley to an award of its attorneys' fees herein.

WHEREFORE, Victor Stanley demands judgment in its favor and against Defendants Creative Pipe and Pappas, jointly and severally, as follows:

A.  That the Court declare, adjudge and decree that Defendants' sale, offer of sale, and use of benches incorporating the invention of the '263 Patent are acts of infringement, contributory infringement or inducement of infringement in violation of 35 U.S.C. § 271;

B.  That the Court preliminarily and permanently enjoin Defendants, and all other persons in active concert or participation with them, from any and all further acts of infringement of the '263 Patent;

C.  That the Court order Defendants to make an accounting for damages by reason of their infringement of the '263 Patent;

D.  That the Court award damages adequate to compensate Victor Stanley for infringement of its '263 Patent but in no event less than a reasonable royalty, together with interests and costs as fixed by the Court;

E.  That the Court award additional damages to the extent of Defendants' total profits attributable to the infringement pursuant to 35 U.S.C. § 289;

F.  That the Court increase the award of damages up to three times the amount found or assessed by the Court to be due for Defendants' infringement of the '263 Patent, in view of the willful and deliberate nature of the infringement;

G.  That Defendants be ordered to deliver up to Victor Stanley for impounding and, at the conclusion of this action, for destruction all articles, things and materials of any kind or nature that relate to their infringement of the '263 Patent;

H.  That the Court find this to be an exceptional case under 35 U.S.C. § 285 and award Victor Stanley its reasonable attorneys' fees in bringing and maintaining this action; and

I.  That the Court grant such other and further relief as it shall deem just and proper.

## Count IX
## TORTIOUS INTERFERENCE WITH PROSPECTIVE CONTRACTS
### (Against Creative Pipe and Pappas)

88.     Plaintiff restates and realleges Paragraphs 1 - 87 inclusive and hereby incorporates the same by reference as if fully alleged herein.

89.     Plaintiff was a bidder on the contracts to be let by the City of Huntsville, AL (July, 2006); the University of Nevada at Las Vegas (June, 2005 ); the City of Norfolk, Virginia (June and July 2006);  and the City of Portsmouth, Virginia (September, 2005).

90.     Creative Pipe was awarded the contracts over Victor Stanley as a result of the tortious acts of Creative Pipe and Pappas, as previously alleged herein.

91.     Plaintiff was also a bidder on other contracts, the identities of which are not presently known to Plaintiff, in which Creative Pipe was the successful bidder over Victor Stanley because of its employment of the types of tortious acts, infringements, and unfair competition previously alleged herein.

92.     Based on its experience and reputation, the superior nature of its products, it product being named as the benchmark product in the solicitation for bids, and its competitive pricing strategies, it was reasonably expected that Victor Stanley would have been awarded those contracts but for the tortious conduct of Creative Pipe and Pappas.

93.     However, by virtue of the aforesaid acts of fraud, conversion, misappropriation and false claims/advertising, Creative Pipe and Pappas interfered with Victor Stanley's prospective business relations and contracts with the Cities of Huntsville, AL, Norfolk, VA, and Portsmouth, VA, and the University of Nevada at Las Vegas, and other persons or entities not presently identified.

94.     The acts of Creative Pipe and Pappas were without commercial justification and were done deliberately with intent to injure and damage Victor Stanley.

95.     Victor Stanley was injured and damaged in an amount in excess of $75,000 as a result of this tortious interference with the bidding process.

WHEREFORE, Victor Stanley demands judgment in its favor and against Defendants Creative Pipe and Pappas, jointly and severally, as follows:

A.      That the Court declare, adjudge and decree that Creative Pipe, Pappas and John Doe tortiously interfered with the prospective contracts of Victor Stanley;

B.      That the Court award compensatory damages in excess of $75,000 to compensate Victor Stanley for Defendants' actions; and

C.      That the Court grant such other and further relief as it shall deem just and proper.

## Count X
## CIVIL CONSPIRACY
### (Against All Defendants)

96.     Plaintiff restates and realleges Paragraphs 1 - 95 inclusive and hereby incorporates the same by reference as if fully alleged herein.

97.     Defendants Creative Pipe, Pappas, and John Doe formed a confederation whereby they agreed to misappropriate the valuable commercial property of Victor Stanley and to injure it.

98.     Defendants each individually, as previously alleged herein, undertook unlawful and/or tortious acts in furtherance of this conspiracy.

99.     As a direct and proximate result of this conspiracy, Victor Stanley suffered injuries and damages in excess of $75,000.

WHEREFORE, Victor Stanley demands judgment in its favor and against Defendants Creative Pipe, Pappas and John Doe, jointly and severally, as follows:

A.     An award of compensatory damages in excess of $75,000,  plus costs;

B.     An award of punitive damages and attorney fess;  and

C.     Such other and further relief as the Court may deem just and proper.

## Count XI
## AIDING AND ABETTING
### (Against All Defendants)

100.     Plaintiff restates and realleges Paragraphs 1 - 99 inclusive and hereby incorporates the same by reference as if fully alleged herein.

101.     Defendant John Doe was a direct perpetrator of the misappropriation of Planitiff's copyrighted materials, as alleged herein.

102.     Defendants Creative Pipe and Pappas provided substantial assistance, aid and/or encouragement to John Doe's tortious conduct.

103.     Defendants Creative Pipe and Pappas had actual knowledge of John Doe's wrongful conduct and that their actions were material in the aiding and abetting of John Doe's wrongful conduct.

104.     Defendants Creative Pipe and Pappas were the direct perpetrators of various torts against Victor Stanley, including tortious interference with prospective business relations and unfair methods of competition.

105.     Defendant John Doe provided substantial assistance, aid and/or encouragement to those torts of Defendants Creative Pipe and Pappas.

106.     Defendant John Doe had actual knowledge of the wrongful conduct of Defendants Creative Pipe and Pappas and that his actions were material in the aiding and abetting of those Defendants' wrongful conduct.

107.     As a direct and proximate result of these actions, Victor Stanley suffered injuries and damages in excess of $75,000, exclusive of interests and costs.

WHEREFORE, Victor Stanley demands judgment in its favor and against Defendants Creative Pipe, Pappas and John Doe, jointly and severally, as follows:

A.     An award of compensatory damages in excess of $75,000, plus costs;

B.     An award of punitive damages and attorney fess;  and

C.     Such other and further relief as the Court may deem just and proper.

## Count XII
## UNJUST ENRICHMENT
### (Against Creative Pipe and Pappas)

108.     Plaintiff restates and realleges Paragraphs 1 - 107 inclusive and hereby incorporates the same by reference as if fully alleged herein.

109.     Defendants Creative Pipe and Pappas has misappropriated and unfairly taken the valuable copyrighted works and property of Victor Stanley by copying such work, creating products on the basis of those works and then passing those works off as if it was their work product. They have also mimicked the patented products of Victor Stanley, tortiously interfered with prospective customers of Victor Stanley, used the photographs and depictions of Victor Stanley and otherwise appropriated the goodwill and works of Victor Stanley in order to make it appear that it offers to a line of site furnishings which are equal to or superior to that of Victor Stanley.

110.     Victor Stanley invested millions of dollars in product development and process and manufacturing technology as is represented in the creation of the unique drawings relating to its product line.  The value of the copyrighted drawings and product photographs which Creative Pipe and Pappas have infringed and misappropriated is at least $3,500,000, as it would have cost them at least that much to develop a comparable set of products, processes, specifications, innovative drawings, and product photographs which could be used as their own works in the competitive bidding process for contracts in the site furnishing market.

111.     Defendants appreciated and knew that their appropriation and use of the goodwill and works of Victor Stanley was valuable to them.

112.    It would inequitable, unjust and unfair for Defendants to retain and use the value works, goodwill and products of Victor Stanley without paying to Victor Stanley the value of the works, goodwill and products that they have copied, misappropriated and used.

WHEREFORE, Victor Stanley demands judgment in its favor and against Defendants Creative Pipe and Pappas, jointly and severally, as follows:

A.  That the Court declare, adjudge and decree that Creative Pipe and Pappas have unjustly enriched themselves by the aforesaid acts and that Victor Stanley is entitled to the value of the works and materials that these defendants have copied and used;

B.  That the Court award compensatory damages in the amount of at least $3,500,000 to compensate Victor Stanley for those actions; and

C.  That the Court grant such other and further relief as it shall deem just and proper.

*         *         *         *         *

## <u>VERIFICATION</u>

I, Gerald P. Skalka, Vice-President of Plaintiff Victor Stanley, Inc., being duly authorized and competent to make this verification, state and declare under penalty of perjury under the laws of the United States that the facts and information alleged hereinabove are true and correct to the best of my personal knowledge and belief.

Gerald P. Skalka

Respectfully submitted,

VICTOR STANLEY, INC.

By
Bode and Grenier, LLP
Randell C. Ogg (Bar No. 22625)
1150 Connecticut Avenue, NW
Ninth Floor
Washington, D.C. 20036
Phone: (202) 828-4100
Fax: (202) 828-4130

Its Attorney