**Spoliation Sanctions by Circuit**

| Circuit / Case law | *Scope of Duty to Preserve* | *Can conduct be culpable per se without consideration of reasonableness?* | *Culpability and prejudice requirements* ||||| *What constitutes prejudice* | *Culpability and corresponding jury instructions* |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | *For sanctions in general* | *for dispositive sanctions* | *for adverse inference instruction* | *for a rebuttable presumption of relevance* | | |
| First | It is a duty to preserve potentially relevant evidence a party owns or controls and also a duty to notify the opposing party of evidence in the hands of third parties. *Velez v. Marriott PR Mgmt., Inc.*, 590 F. Supp. 2d 235, 258 (D.P.R. 2008). | This specific issue has not been addressed. | "The measure of the appropriate sanctions will depend on the severity of the prejudice suffered." *Velez v. Marriott PR Mgmt., Inc.*, 590 F. Supp. 2d 235, 259 (D.P.R. 2008).<br><br>"[C]arelessness is enough for a district court to consider imposing sanctions." *Driggin v. Am. Sec. Alarm Co.*, 141 F. Supp. 2d 113, 123 (D. Me. 2000). | "severe prejudice or egregious conduct" *Driggin v. Am. Sec. Alarm Co.*, 141 F. Supp. 2d 113, 123 (D. Me. 2000). | "does not require bad faith or comparable bad motive" *Trull v. Volkswagon of Am., Inc.*, 187 F.3d 88, 95 (1st Cir. 1999); *Oxley v. Penobscot County*, No. CV-09-21-JAW, 2010 WL 3154975 (D. Me. 2010). | Whether relevance can be presumed has not been addressed. | When spoliation substantially denies a party the ability to support or defend the claim *Velez v. Marriott PR Mgmt., Inc.*, 590 F. Supp. 2d 235, 259 (D.P.R. 2008). | Intentional spoliation; permissive adverse inference if the jury finds that the spoliator knew of the lawsuit and the documents' relevance when it destroyed them *Testa v. Wal-Mart Stores, Inc.*, 144 F.3d 173, 178 (1st Cir. 1998). |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| **Second** | Documents that are potentially relevant to likely litigation "are considered to be under a party's control," such that the party has a duty to preserve them, "when that party has the right, authority, or practical ability to obtain the documents from a non-party to the action." *In re NTL, Inc. Sec. Litig.*, 244 F.R.D. 179, 195 (S.D.N.Y. 2007).<br><br>The duty extends to key players. *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 217 (S.D.N.Y. 2003). | Yes; specific actions, such as the failure "to issue a written litigation hold," constitute gross negligence *per se*. *Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of Am. Sec.*, 685 F. Supp. 2d 456, 471 (S.D.N.Y. 2010). | "[D]iscovery sanctions . . . may be imposed upon a party that has breached a discovery obligation not only through bad faith or gross negligence, but also through ordinary negligence." *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 113 (2d Cir. 2002). | "'willfulness, bad faith, or fault on the part of the sanctioned party'" *Dahoda v. John Deere Co.*, 216 Fed. App'x 124, 125, 2007 WL 491846, at *1 (2d Cir. 2007) (quoting *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999)). | Gross negligence *Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of Am. Sec.*, 685 F. Supp. 2d 456, 478-79 (S.D.N.Y. 2010).<br><br>Negligence *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 108 (2d Cir. 2002).<br><br>Intentional conduct *In re Terrorist Bombings of U.S. Embassies in East Africa*, 552 F.3d 93, 148 (2d Cir. 2008). | Bad faith or gross negligence *Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of Am. Sec.*, 685 F. Supp. 2d 456, 467 (S.D.N.Y. 2010). | When spoliation substantially denies a party the ability to support or defend the claim *Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of Am. Sec.*, 685 F. Supp. 2d 456, 479 (S.D.N.Y. 2010). | Grossly negligent conduct; permissible inference of "the relevance of the missing documents and resulting prejudice to the . . . Defendants, subject to the plaintiffs' ability to rebut the presumption to the satisfaction of the trier of fact." *Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of Am. Sec.*, 685 F. Supp. 2d 456, 478 (S.D.N.Y. 2010). |

2

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| **Third** | Potentially relevant evidence; "'it is essential that the evidence in question be within the party's control.'" *Canton v. Kmart Corp.*, No. 1:05-CV-143, 2009 WL 2058908, at *2 (D.V.I. July 13, 2009) (quoting *Brewer v. Quaker State Oil Refining Corp.*, 72 F.3d 326, 334 (3d Cir. 1995)) | No; conduct is culpable if "party [with] notice that evidence is relevant to an action . . . either proceeds to destroy that evidence or allows it to be destroyed by failing to take *reasonable precautions*" *Canton v. Kmart Corp.*, No. 1:05-CV-143, 2009 WL 2058908, at *3 (D.V.I. July 13, 2009) (quoting *Mosaid Techs., Inc. v. Samsung Elecs. Co.,* 348 F. Supp. 2d 332, 338 (D.N.J. 2004)) (emphasis added). | Bad faith *Bensel v. Allied Pilots Ass'n*, 263 F.R.D. 150, 152 (D.N.J. 2009). | The degree of fault is considered, and dispositive sanctions "should only be imposed in the most extraordinary of circumstances," *see Mosaid Techs., Inc. v. Samsung Elecs. Co.,* 348 F. Supp. 2d 332, 335 (D.N.J. 2004), but a minimum degree of culpability has not been identified. | Negligence *Canton v. Kmart Corp.*, No. 1:05-CV-143, 2009 WL 2058908, at *2-3 (D.V.I. July 13, 2009).<br><br>Intentional conduct *Brewer v. Quaker State Oil Refining Corp.*, 72 F.3d 326, 334 (3d Cir. 1995). | Whether relevance can be presumed has not been addressed. | Spoliation of evidence that would have helped a party's case *In re Hechinger Inv. Co. of Del., Inc.*, 489 F.3d 568, 579 (3d Cir. 2007). | Intentional spoliation; permissible inference *Mosaid Techs., Inc. v. Samsung Elecs. Co.,* 348 F. Supp. 2d 332, 334 (D.N.J. 2004). |

3

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| **Fourth** | Documents that are potentially relevant to likely litigation "are considered to be under a party's control," such that the party has a duty to preserve them, "when that party has 'the right, authority, or practical ability to obtain the documents from a non-party to the action.'" *Goodman v. Praxair Servs., Inc.*, 632 F. Supp. 2d 494, 515 (D. Md. 2009) (citation omitted).<br><br>It is also a duty to notify the opposing party of evidence in the hands of third parties. *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001).<br><br>Duty extends to key players. *Goodman*, 632 F. Supp. 2d at 512 | The U.S. District Court for the District of Maryland has quoted *Zubulake IV*, 220 F.R.D. at 220 ("Once the duty to preserve attaches, any destruction of documents is, at a minimum, negligent."). *See Sampson v. City of Cambridge*, No. WDQ-06-1819, 2008 WL 7514364, at *8 (D. Md. May 1, 2008) (finding defendant's conduct negligent); *Pandora Jewelry, LLC v. Chamilia, LLC*, No. CCB-06-3041, 2008 WL 4533902, at *9 (D. Md. Sept. 30, 2008) (finding defendant's conduct grossly negligent); *cf. Goodman*, 632 F. Supp. 2d at 522 (stating that defendant, "much like the defendants in *Sampson* and *Pandora*, was clearly negligent" because it failed to implement a litigation hold, but also explaining why such action was negligent). | "only a showing of fault, with the degree of fault impacting the severity of sanctions" *Sampson v. City of Cambridge*, 251 F.R.D. 172, 179 (D. Md. 2008) (using "fault" to describe conduct ranging from bad faith destruction to ordinary negligence). | The court must "be able to conclude either (1) that the spoliator's conduct was so egregious as to amount to a forfeiture of his claim, or (2) that the effect of the spoliator's conduct was so prejudicial that it substantially denied the defendant the ability to defend the claim." *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 593 (4th Cir. 2001). | The court "must only find that spoliator acted willfully in the destruction of evidence." *Goodman v. Praxair Servs., Inc.*, 632 F. Supp. 2d 494, 519 (D. Md. 2009). | Willful behavior *Sampson v. City of Cambridge*, 251 F.R.D. 172, 179 (D. Md. 2008). | When spoliation substantially denies a party the ability to support or defend the claim *Goodman v. Praxair Servs., Inc.*, 632 F. Supp. 2d 494, 519 (D. Md. 2009); *Sampson v. City of Cambridge*, 251 F.R.D. 172, 180 (D. Md. 2008). | Willful spoliation; adverse jury instruction, but not the "series of fact-specific adverse jury instructions" that the plaintiff requested *Goodman v. Praxair Servs., Inc.*, 632 F. Supp. 2d 494, 523 (D. Md. 2009). |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| **Fifth** | Party with control over potentially relevant evidence has a duty to preserve it; scope includes evidence in possession of "employees likely to have relevant information, i.e., 'the key players'" *Tango Transp., LLC v. Transp. Int'l Pool, Inc.*, No. 5:08-CV-0559, 2009 WL 3254882, at *3 (W.D. La. Oct. 8, 2009). | No: "Whether preservation or discovery conduct is acceptable in a case depends on what is reasonable, and that in turn depends on whether what was done-or not done-was proportional to that case and consistent with clearly established applicable standards." *Rimkus Consulting Group, Inc. v. Cammarata*, 688 F. Supp. 2d 598, 613 (S.D. Tex. 2010). | "some degree of culpability" *Rimkus Consulting Group, Inc. v. Cammarata*, 688 F. Supp. 2d 598, 613 (S.D. Tex. 2010). | Bad faith (and prejudice) *Rimkus Consulting Group, Inc. v. Cammarata*, 688 F. Supp. 2d 598, 614 (S.D. Tex. 2010). | Bad faith *Rimkus Consulting Group, Inc. v. Cammarata*, 688 F. Supp. 2d 598, 617 (S.D. Tex. 2010). | "The Fifth Circuit has not explicitly addressed whether even bad-faith destruction of evidence allows a court to presume that the destroyed evidence was relevant or its loss prejudicial." *Rimkus Consulting Group, Inc. v. Cammarata*, 688 F. Supp. 2d 598, 617-18 (S.D. Tex. 2010). | When spoliation substantially denies a party the ability to support or defend the claim *Rimkus Consulting Group, Inc. v. Cammarata*, 688 F. Supp. 2d 598, 613 (S.D. Tex. 2010). | Willful spoliation; jury instruction would "ask the jury to decide whether the defendants intentionally deleted emails and attachments to prevent their use in litigation." *Rimkus Consulting Group, Inc. v. Cammarata*, 688 F. Supp. 2d 598, 620, 646 (S.D. Tex. 2010). |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| **Sixth** | It is a duty to preserve potentially relevant evidence that a party owns or controls and to notify the opposing party of evidence in the hands of third parties. *Jain v. Memphis Shelby Airport Auth.*, No. 08-2119-STA-dkv, 2010 WL 711328, at *2 (W.D. Tenn. Feb. 25, 2010).<br><br>Duty extends to key players *In re Nat'l Century Fin. Enters., Inc. Fin. Inv. Litig.*, No. 2:03-md-1565, 2009 WL 2169174, at *11 (S.D. Ohio July 16, 2009). | This specific issue has not been addressed. In *BancorpSouth Bank v. Herter*, 643 F. Supp. 2d 1041, 1061 (W.D. Tenn. 2009), the court quoted *Zubulake IV*, 220 F.R.D. at 220 ("Once the duty to preserve attaches, any destruction of documents is, at a minimum, negligent."), but it also analyzed the defendant's conduct to make the finding that it was "more than negligent." | Bad faith (intentional) destruction, gross negligence, or ordinary negligence *In re Global Technovations, Inc.*, 431 B.R. 739, 780 (Bankr. E.D. Mich. 2010) (equating intentional and bad faith conduct). | willfulness, bad faith, or fault *In re Global Technovations, Inc.*, 431 B.R. 739, 779 (Bankr. E.D. Mich. 2010) (using "fault" to describe conduct ranging from intentional conduct to ordinary negligence).<br><br>Other cases in circuit define "fault" as "objectively unreasonable behavior." *E.g., BancorpSouth Bank v. Herter*, 643 F. Supp. 2d 1041, 1060 (W.D. Tenn. 2009); *Jain v. Memphis Shelby Airport Auth.*, No. 08-2119-STA-dkv, 2010 WL 711328, at *3 (W.D. Tenn. Feb. 25, 2010). | Bad faith *In re Global Technovations, Inc.*, 431 B.R. 739, 782 (Bankr. E.D. Mich. 2010).<br><br>Bad faith not required *Miller v. Home Depot USA, Inc.*, No. 3-08-0281, 2010 WL 373860, at *1 (M.D. Tenn. Jan. 28, 2010).<br><br>Ordinary negligence *Jain v. Memphis Shelby Airport Auth.*, No. 08-2119-STA-dkv, 2010 WL 711328, at *3 (W.D. Tenn. Feb. 25, 2010); *Forest Labs., Inc. v. Caraco Pharm. Labs., Ltd.*, No. 06-CV-13143, 2009 WL 998402, at *5-6 (E.D. Mich. Apr. 14, 2009). | "The spoliating party bears the burden of establishing lack of prejudice to the opposing party, a burden the Sixth Circuit has described as 'an uphill battle.'" *Jain v. Memphis Shelby Airport Auth.*, No. 08-2119-STA-dkv, 2010 WL 711328, at *2 (W.D. Tenn. Feb. 25, 2010). | When spoliation substantially denies a party the ability to support or defend the claim *Jain v. Memphis Shelby Airport Auth.*, No. 08-2119-STA-dkv, 2010 WL 711328, at *4 (W.D. Tenn. Feb. 25, 2010). | Unintentional conduct; permissible inference *Jain v. Memphis Shelby Airport Auth.*, No. 08-2119-STA-dkv, 2010 WL 711328, at *4-5 (W.D. Tenn. Feb. 25, 2010). |

6

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| **Seventh** | Duty to preserve potentially relevant evidence party has control over *Jones v. Bremen High Sch. Dist. 228*, No. 08-C-3548, 2010 WL 2106640, at *5 (N.D. Ill. May 25, 2010). | No: Breach is failure to act reasonably under the circumstances *Jones v. Bremen High Sch. Dist. 228*, No. 08-C-3548, 2010 WL 2106640, at *6-7 (N.D. Ill. May 25, 2010).<br><br>"The failure to institute a document retention policy, in the form of a litigation hold, is relevant to the court's consideration, but it is not *per se* evidence of sanctionable conduct." *Haynes v. Dart*, No. 08 C 4834, 2010 WL 140387, at *4 (N.D. Ill. Jan. 11, 2010). | Willfulness, bad faith, or fault *Jones v. Bremen High Sch. Dist. 228*, No. 08-C-3548, 2010 WL 2106640, at *5 (N.D. Ill. May 25, 2010) (stating that fault is based on the reasonableness of the party's conduct).<br><br>Bad faith *BP Amoco Chemical Co. v. Flint Hills Resources, LLC*, No. 05 C 5, 2010 WL 1131660, at *24 (N.D. Ill. Mar. 25, 2010). | Willfulness, bad faith, or fault *In re Kmart Corp.*, 371 B.R. 823, 840 (Bankr. N.D. Ill. 2007) (noting that fault, while based on reasonableness, is more than a "'slight error in judgment'") (citation omitted) | Bad faith *Faas v. Sears, Roebuck & Co.*, 532 F.3d 633, 644 (7th Cir. 2008). | Unintentional conduct is insufficient for presumption of relevance *In re Kmart Corp.*, 371 B.R. 823, 853-54 (Bankr. N.D. Ill. 2007). | When spoliation substantially denies a party the ability to support or defend the claim *Krumwiede v. Brighton Assocs., L.L.C.*, No. 05-C-3003, 2006 WL 1308629, at *10 (N.D. Ill. May 8, 2006).<br><br>When spoliation substantially denies a party the ability to support or defend the claim OR delays production of evidence *Jones v. Bremen High Sch. Dist. 228*, No. 08-C-3548, 2010 WL 2106640, at *8-9 (N.D. Ill. May 25, 2010). | Grossly negligent conduct; jury instruction to inform the jury of the defendant's duty and breach thereof *Jones v. Bremen High Sch. Dist. 228*, No. 08-C-3548, 2010 WL 2106640, at *10 (N.D. Ill. May 25, 2010). |

7

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| **Eighth** | Duty to preserve potentially relevant documents in party's possession *Dillon v. Nissan Motor Co.*, 986 F.2d 263, 267 (8th Cir. 1993). | Courts in the Eighth Circuit have not found conduct culpable without analyzing the facts, although reasonableness is not discussed. | Bad faith *Wright v. City of Salisbury*, No. 2:07CV0056 AGF, 2010 WL 126011, at *2 (E.D. Mo. Apr. 6, 2010). | Bad faith *Johnson v. Avco Corp.*, No. 4:07CV 1695 CDP, 2010 WL 1329361, at *13 (E.D. Mo. 2010); *Menz v. New Holland N. Am., Inc.*, 440 F.3d 1002, 1006 (8th Cir. 2006). | Bad faith *Greyhound Lines, Inc. v. Wade*, 485 F.3d 1032, 1035 (8th Cir. 2007); *Menz v. New Holland N. Am., Inc.*, 440 F.3d 1002, 1006 (8th Cir. 2006); *Stevenson v. Union Pac. RR*, 354 F.3d 739, 747 (8th Cir. 2004) (bad faith required if spoliation happens pre-litigation)<br><br>Bad faith is not required to sanction for "the ongoing destruction of records **during litigation** and discovery." *Stevenson*, 354 F.3d at 750; *MeccaTech, Inc. v. Kiser*, 2008 WL 6010937, at *8 (D. Neb. 2008) (same), *adopted in part*, No. 8:05CV570, 2009 WL 1152267 (D. Neb. Apr. 23, 2009). | This issue has not been addressed, but it has been stated that there is no presumption of irrelevance of intentionally destroyed documents. *Alexander v. Nat'l Farmers Org.*, 687 F.2d 1173, 1205 (8th Cir. 1982). | Destruction of evidence that "may have [been] helpful" *Dillon v. Nissan Motor Co.*, 986 F.2d 263, 268 (8th Cir. 1993).<br><br>"irreparable injury to plaintiffs' claims" *Monsanto Co. v. Woods*, 250 F.R.D. 411, 414 (E.D. Mo. 2008). | "destruction was not 'willful' or malicious,'" but plaintiffs' counsel should have known to preserve the evidence; jury was instructed that "an adverse inference may be drawn from plaintiffs' failure to preserve the vehicle" *Bass v. Gen. Motors Corp.*, 929 F. Supp. 1287, 1290 (W.D. Mo. 1996), *aff'd on this ground*, 150 F.3d 842, 851 (8th Cir. 1998). |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| **Ninth** | Duty to preserve potentially relevant evidence in party's possession *Leon v. IDX Systems Corp.*, 2004 WL 5571412, at *3 (W.D. Wash. 2004), *aff'd*, 464 F.3d 951 (9th Cir. 2006). Duty extends to key players. *Hous. Rights Ctr. v. Sterling*, 2005 WL 3320739, at *3 (C.D. Cal. Mar. 2, 2005). | In *Hous. Rights Ctr. v. Sterling*, 2005 WL 3320739, at *3 (C.D. Cal. Mar. 2, 2005), the court quoted *Zubulake IV*, 220 F.R.D. at 220 ("Once the duty to preserve attaches, any destruction of documents is, at a minimum, negligent."), and found that defendants' "[d]estruction of documents during ongoing litigation was, at a minimum, negligent." | Bad faith not required *Dae Kon Kwon v. Costco Wholesale Corp.*, No. CIV. 08-360 JMSBMK, 2010 WL 571941, at *2 (D. Hawai'i 2010); *Carl Zeiss Vision Intern. GmbH v. Signet Armorlite, Inc.*, No. 07CV0894 DMS(POR), 2010 WL 743792, at *15 (S.D. Cal. Mar. 1, 2010), *amended on other grounds*, 2010 WL 1626071 (S.D. Cal. Apr 21, 2010). | Willfulness, bad faith, or fault *Dae Kon Kwon v. Costco Wholesale Corp.*, No. CIV. 08-360 JMSBMK, 2010 WL 571941, at *2 (D. Hawai'i 2010) (requiring that party "engaged deliberately in deceptive practices") "'[D]isobedient conduct not shown to be outside the control of the litigant' is all that is required to demonstrate willfulness, bad faith, or fault." *Henry v. Gill Indus.*, 983 F.2d 943, 948 (9th Cir. 1993). | Bad faith or gross negligence *Karnazes v. County of San Mateo*, No. 09-0767 MMC (MEJ), 2010 WL 2672003, at *2 (N.D. Cal. July 2, 2010). Bad faith not required *Otsuka v. Polo Ralph Lauren Corp.*, No. C 07-02780 SI, 2010 WL 366653, at *3 (N.D. Cal. Jan. 25, 2010). | This issue has not been addressed. | When spoliation substantially denies a party the ability to support or defend the claim *Henry v. Gill Indus.*, 983 F.2d 943, 948 (9th Cir. 1993). | The Court's research has not located case in which the court granted an adverse inference instruction and stated what the instruction would be. |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| **Tenth** | Duty extends to key players *Pinstripe, Inc. v. Manpower, Inc.*, No. 07-CV-620-GKF-PJC, 2009 WL 2252131, at *1 (N.D. Okla. July 29, 2009).<br><br>A party with possession of potentially relevant evidence has a duty to preserve it; even if the party relinquishes ownership or custody, it must contact the new custodian to preserve the evidence. *Jordan F. Miller Corp. v. Mid-Continent Aircraft Serv.*, 139 F.3d 912, 1998 WL 68879, at *5-6 (10th Cir. 1998). | No. *Procter & Gamble Co. v. Haugen*, 427 F.3d 727, 739 n.8 (10th Cir. 2005) (stating that district court must consider Rule 26(b)(2)[(C)](iii), which requires the court to limit discovery if "the burden or expense of the proposed discovery outweighs its likely benefit"). | Bad faith not required *Hatfield v. Wal-Mart Stores, Inc.*, 335 Fed. App'x 796, 804 (10th Cir. 2009).<br><br>Negligence *Pipes v. UPS, Inc.*, No. CIV.A.07-1762, 2009 WL 2214990, at *1 (W.D. La. July 22, 2009). | "willfulness, bad faith, or [some] fault" *Procter & Gamble Co. v. Haugen*, 427 F.3d 727, 738 (10th Cir. 2005) (using language originally in *Societe Internationale v. Rogers*, 357 U.S. 197, 212 (1958), which distinguished "fault" from a party's inability to act otherwise). | Bad faith *Turner v. Pub. Serv. Co. of Colo.*, 563 F.3d 1136, 1149 (10th Cir. 2009).<br><br>Neither bad faith nor intentionality required *Hatfield v. Wal-Mart Stores, Inc.*, 335 Fed. App'x 796, 804 (10th Cir. 2009); *Schrieber v. Fed. Ex. Corp.*, No. 09-CV-128-JHP-PJC, 2010 WL 1078463 (N.D. Okla. March 18, 2010). | Although this specific issue has not been addressed, the court declined to "create a presumption in favor of spoliation whenever a moving party can prove that records that might have contained relevant evidence have been destroyed" in *Crandall v. City & County of Denver, Colo.*, No. 05-CV-00242-MSK-MEH, 2006 WL 2683754, at *2 (D. Colo. Sept. 19, 2006). | Spoliation that impairs a party's ability to support a claim or defense. *Pinstripe, Inc. v. Manpower, Inc.*, No. 07-CV-620-GKF-PJC, 2009 WL 2252131, at *2 (N.D. Okla. July 29, 2009). | Bad faith; adverse inference instruction *Smith v. Slifer Smith & Frampton/Vail Assocs. Real Estate, LLC*, No. CIVA 06CV02206-JLK, 2009 WL 482603, at *13 (D. Colo. Feb. 25, 2009). |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| **Eleventh** | Duty to preserve potentially relevant evidence that party has "access to and control over" *Nat'l Grange Mut. Ins. Co. v. Hearth & Home, Inc.*, No. CIV.A. 2:06CV54WCO, 2006 WL 5157694 at * 5 (N.D. Ga. Dec. 19, 2006). | Courts in the Eleventh Circuit have not found conduct culpable without analyzing the facts, although reasonableness is not discussed. | Bad faith *Managed Care Solutions, Inc. v. Essent Healthcare, Inc.*, No. 09-60351-CIV, 2010 WL 3368654, at *4 (S.D. Fla. Aug. 23, 2010).<br><br>Degree of culpability is weighed against prejudice caused by spoliation *Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 945 (11th Cir. 2005); *Brown v. Chertoff*, 563 F. Supp. 2d 1372, 1381 (S.D. Ga. 2008). | Bad faith *Managed Care Solutions, Inc. v. Essent Healthcare, Inc.*, No. 09-60351-CIV, 2010 WL 3368654, at *12 (S.D. Fla. Aug. 23, 2010). | Bad faith *Penalty Kick Mgmt. Ltd. v. Coca Cola Co.*, 318 F.3d 1284, 1294 (11th Cir. 2003); *Managed Care Solutions, Inc. v. Essent Healthcare, Inc.*, No. 09-60351-CIV, 2010 WL 3368654, at *13 (S.D. Fla. Aug. 23, 2010). | This issue has not been addressed. | Spoliation of evidence that was not just relevant but "crucial" to a claim or defense *Managed Care Solutions, Inc. v. Essent Healthcare, Inc.*, No. 09-60351-CIV, 2010 WL 3368654, at *8 (S.D. Fla. Aug. 23, 2010). | Negligence; jury to be instructed that the destruction raises a rebuttable inference that the evidence supported plaintiff's claim *Brown v. Chertoff*, 563 F. Supp. 2d 1372, 1381 (S.D. Ga. 2008) (but other courts in Eleventh Circuit will not order any sanctions without bad faith) |

11

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| **D.C.** | Duty to preserve potentially relevant evidence "within the ability of the defendant to produce it" *Friends for All Children v. Lockheed Aircraft Corp.*, 587 F. Supp. 180, 189 (D.D.C.), *modified*, 593 F. Supp. 388 (D.D.C.), *aff'd*, 746 F.2d 816 (D.C. Cir. 1984). | Courts in the D.C. Circuit have not found conduct culpable without analyzing the facts, although reasonableness is not discussed. | Case law addresses specific sanctions, rather than sanctions generally. | Bad faith *Shepherd v. Am. Broad Cos.*, 62 F.3d 1469, 1477 (D.C. Cir. 1995); *D'Onofrio v. SFX Sports Group, Inc.*, No. 06-687 (JDB/JMF), 2010 WL 3324964, at *5 (D.D.C. Aug. 24, 2010). | Negligent or deliberate *Mazloum v. D.C. Metro. Police Dep't*, 530 F. Supp. 2d 282, 292 (D.D.C. 2008); *More v. Snow*, 480 F. Supp. 2d 257, 274-75 (D.D.C. 2007); *D'Onofrio v. SFX Sports Group, Inc.*, No. 06-687 (JDB/JMF), 2010 WL 3324964, at *10 (D.D.C. Aug. 24, 2010) (not for mere negligence unless "the interests in righting the evidentiary balance and in the deterring of others trumps the lacuna that a logician would detect in the logic of giving such an instruction"). | This issue has not been addressed. | Case law states that the spoliated evidence must have been relevant, i.e., information that would have supported a claim or defense, but it does not address prejudice. | "[A]ny adverse inference instruction grounded in negligence would be considerably weaker in both language and probative force than an instruction regarding deliberate destruction." *Mazloum v. D.C. Metro. Police Dep't*, 530 F. Supp. 2d 282, 293 (D.D.C. 2008). |
| **Federal** | "In reviewing sanction orders, [the Federal Circuit] applies the law of the regional circuit from which the case arose." *Monsanto Co. v. Ralph*, 382 F.3d 1374, 1380 (Fed. Cir. 2004).  In *Consolidated Edison Co. of N.Y., Inc. v. United States*, 90 Fed. Cl. 228, 255 n.20 (Fed. Cl. 2009), the United States Court of Federal Claims observed that "the United States Court of Appeals for the Federal Circuit, has not definitively addressed whether a finding of bad faith is required before a court can find spoliation or impose an adverse inference or other sanction. Because many of the spoliation cases decided to date by the Federal Circuit have been patent cases in which the Federal Circuit applies the law of the relevant regional circuit, the Federal Circuit has not had the opportunity to announce a position binding on this court as to a possible 'bad faith' or other standard to trigger a spoliation of evidence sanction. Consequently, judges of the United States Court of Federal Claims have taken differing positions on the "bad faith" requirement. *Compare* [*United Med. Supply Co. v. United States*, 77 Fed. Cl. 257, 268 (2007)] ('[A]n injured party need not demonstrate bad faith in order for the court to impose, under its inherent authority, spoliation sanctions.'), *with Columbia First Bank, FSB v. United States*, 54 Fed. Cl. 693, 703 (2002) (noting findings of bad faith are required before the court can determine that there was spoliation)." (Citation omitted.) ||||||||