**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

VICTOR STANLEY, INC.,       *

      Plaintiff,           *

v.                    *     Civil Action No. 8:06-cv-02662-MJG

CREATIVE PIPE, INC., *et al.*    *

      Defendants.        *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## DEFENDANTS' OBJECTIONS TO AWARD OF
## ATTORNEY'S FEES AND COSTS FOR SPOLIATION

## INTRODUCTION

Defendants, by and through undersigned counsel, and pursuant to Loc. R. 301.5, respectfully file the following objections to Magistrate Judge Grimm's Memorandum and Order requiring the payment by Defendants of $1,049,850.04 in attorney's fees and costs to Plaintiff.  (ECF No. 448.)  As will be demonstrated herein, Magistrate Judge Grimm awarded attorney's fees and costs beyond the scope of this Court's Order for the award of attorney's fees and costs as well as Fed. R. Civ. P. 37(b)(2)(C).

**I.**     ***Magistrate Judge Grimm Exceeded the Standard for an Award of Attorney's Fees and Costs set forth by this Court.***

In an Order captioned <u>Order Re: Spoliation Sanctions</u>, ECF No.381, this Court adopted Judge Grimm's recommendation concerning the payment of costs and attorney's fees for Defendants' spoliation.

ECF No. 378:

> 2.a    Pursuant to Fed. R. Civ. P. 37(b)(2)(C)[1], Defendant shall pay monetary sanctions equivalent to Plaintiff's attorney's fees and costs, which will be awarded after further briefing by the parties, and which will include fees and costs associated with all discovery that would not have been undertaken but for Defendant's spoliation, as well as the briefings and hearings regarding Plaintiff's Motion for Sanctions.

Magistrate Judge Grimm in his Memorandum and Order awarding over $1 million in attorney's fees and costs to Plaintiff employed a much broader standard.  Instead of limiting the award to fees and costs associated with all discovery that would not have been undertaken but for Defendants' spoliation, Magistrate Judge Grimm significantly broadened the scope of the award to include attorney's fees and costs for "all discovery" including, all motions and hearings, that Plaintiff undertook during the litigation.

Magistrate Judge Grimm explained the reason for this:

> [T]he effects of spoliation are not limited to a party's efforts to discover and prove the spoliation and its scope.  Rather, the willful loss or destruction of relevant evidence taints the entire discovery and motions practice.  Therefore, the Court Order clearly stated that Defendant's sanctions encompass all fees associated with "all discovery" that Plaintiff made because of Defendant's spoliation."  (Citation omitted) This Court already found that Defendant's First spoliation efforts corresponded with the beginning of the litigation.  (Citation omitted).  Accordingly, I find that Defendant's misconduct affected the entire discovery progress since the commencement of this case.

(ECF No. 448 at 10.)

Magistrate Judge Grimm's Memorandum and Order also takes into account factors

---

[1] Rule 37 (b) (2) (C) provides in pertinent part:

> Instead of or in addition to the orders above (for failure to comply with a court order) a Court may order the disobedient party … to pay the reasonable expenses, including attorney's fees, caused by the failure…"

that were not part of the standard for the award of attorney's fees and costs.  These

include: (1) the extent of Defendants' misconduct and the negligible effects of the Court's

prior orders on Defendants' behavior; (2) that Defendants' contempt unnecessarily but

voraciously consumed the Court's time and resources and assuredly burdened Plaintiff

and its counsel to an even greater extent. (*Id* at 3.)

The expansion of the basis for the award for attorney's fees and costs to include

"all discovery" resulted in a very large and unjustified award of attorney's fees and costs,

much of which was unrelated to "all discovery that would not have been undertaken but

for Defendants' spoliation, as well as the briefings and hearings." Magistrate Judge

Grimm's decision is inconsistent with the basis for awarding attorney's fees and costs for

spoliation under a procedure he articulated in *Goodman v. Praxair Servs., Inc*., 632 F.

Supp. 2d 494 (D. Md. 2009)

> When ruling on a spoliation motion, courts will grant an award of costs or
> attorney's fees in four situations. First, courts will award legal fees in favor
> of the moving party as an alternative to dismissal or an adverse jury
> instruction. Second, courts will grant discovery costs to the moving party if
> additional discovery must be performed after a finding that evidence was
> spoliated. Third, in addition to a spoliation sanction, a court will award a
> prevailing litigant the litigant's reasonable expenses incurred in making the
> motion, including attorney's fees. Fourth, in addition to a spoliation
> sanction, a court will award a prevailing litigant the reasonable costs
> associated with the motion plus any investigatory costs into the spoliator's
> conduct.

*Id.* at 523-24

Magistrate Judge Grimm takes the position here that *Goodman* need not be

followed because that case did not involve bad faith. In support of this position

Magistrate Judge Grimm cites *Metropolitan Opera Association v. Local 100, Hotel Employees and Restaurant Employees International Union,* 212 F.R.D 178 (S.D.N.Y. 2003) as providing better guidance because that case involved a finding of bad faith.  But *Metropolitan Opera* does not articulate a different standard for the award of attorney's fees and costs when bad faith has occurred. There the Court reviewed in detail the numerous discovery failures.  The Court then awarded "attorney's fees necessitated by the discovery abuses by defendant and their counsel." *Id.* at 231.  The opinion does not provide that where there has been bad faith, attorney's fees and costs should be awarded for all discovery, all motions and hearings.  Instead, as with Fed. R. Civ. P. 37(b)(2)(C), it requires a nexus between the discovery failure and the attorney's fees and costs it necessitated.

II       ***Magistrate Judge Grimm Awarded Attorney's Fees and Costs for Legal Services and Costs Completely Unrelated to Defendants' Spoliation of ESI.***

   A.    <u>**The Relevant Time Period**</u>

       The first time deleted ESI is mentioned in Mr. Ogg's billing records is November 12, 2008.  (ECF No. 388- 2 at 47.) This is corroborated by the deposition testimony of Gerald Skalka on November 25, 2008. At that time he stated they had determined "a few days ago" that "there is a significant possibility that a whole lot of what was supposed to be on the ESI was deleted." (ECF No. 434 at 3-4.)  It was after that date that attorney's fees and cost were incurred to determine if ESI had been deleted: Mr. Spruill began his investigation and motions were filed and hearings were held on the issue of spoliation of the ESI.  This activity occurred between November 12, 2008 and the final hearing on

spoliation on June 24, 2010.  This is the relevant period of time for the award of

attorney's fees and costs for spoliation. Judge Grimm acknowledges in the Memorandum

that Victor Stanley first became aware of the deletions of ESI in November 2008. (ECF

No. 448 at 8.)

### B.   Award of Unrelated Attorney's Fees and Costs

Nevertheless, Magistrate Judge Grimm has employed his "bad faith" standard to

award attorney's fees and costs for legal services from November 17, 2006 to November

11, 2008 and June 25 through September 30, 2010.   A review of the billing statements

from Randall Ogg, Hogan Lovells, and Guidance Software for this time period show that

the attorney's fees and costs incurred were for discovery on the merits and legal matters

unrelated to spoliation. (See, billing records of Randall Ogg ECF 388-2 at 1-47 and 83-

84, Hogan Lovells ECF 388-5 at 1-12 and Guidance Software ECF 388-7.)  Examples

include, but are not limited to:

1. Opposing Defendants' motions to dismiss and motion for summary judgment in

November and December 2007 and January-June 2008.  (ECF No. 388-2 at 32 -41 and

ECF No. 388-5 at 8-11.) These motions were based on legal defects in several counts in

the Complaint.  This Court agreed, in part, and granted summary judgment to Defendants

on several of the counts. (ECF No. 250.)  The relevant facts involved Victor Stanley's

licensing agreement and how it permitted access to its product library.

2. Drafting document requests for Defendants in April 2007.  (ECF No. 388-2 at

6.)

3.   Review of paper documents produced by Creative Pipe in February, March and April 2007.  (ECF No. 388-2 at 2-6.)

4.   The review of Creative Pipe's ESI in May and June 2007.  (ECF No. 388-2 at 11-15.)  Review of ESI in May 2008. (*Id.* at 38.)

5.   Reviewing and responding to Defendants' interrogatories and request for production of documents in April 2007, and June 2008 through September 2008.  (ECF No. 388-2 at 6, 42, 44-46.)

6.   Subpoenaing and reviewing documents from third parties including bid documents from:  the Chicago Transit Authority; Tempe, Arizona; Riverside Transit Authority; Las Vegas Convention Center; St. Charles, Missouri; Norfolk; Portsmouth and other municipalities in April through July 2007. (ECF No. 388-2 at 5-7, 9-16 and 18.)

7.   Depositions of present and former Creative Pipe employees including Stephanie Pappas, Becky Hall, Christie Doll, Chad Henry, Consuela Ramirez, Ryan Ferguson, and Evan DeRouen in June 2007. (ECF No. 388-2 at 16.)

8.   Preparation for and taking of depositions of Robert Kottre and John Weaber May 2008.  (ECF No. 388-2 at 38-40.)

9.   Research into causes of action and damages November 2007 through February 2008 (ECF No. 388-2 at 32-35 and 38) and research related to the counterclaim. (ECF 388-5 at 4-6.)

10.   Almost daily communications with Gerald Skalka to discuss strategy and status from November 2006 through November 12, 2008.  (ECF No. 388-2 at 1-47.)

11.  Very frequent communications between Randall Ogg and Robert Wolinsky on pending matters. (ECF No. 388-2 at 1-47 and ECF 388-5 at 1-12.)

The legal fees and costs between November 17, 2006 and November 12, 2008 were not necessitated by the spoliation of ESI.  There is no legal basis to award attorney's fees and costs unless there has been a failure to obey a specific discovery order or orders. Fed. R. Civ. P. 37(b)(2)(C)[2]. A defendant's bad faith in some aspects of the case does not eliminate the required causal link between the attorney's fees and costs awarded and specific conduct that results in unnecessary discovery, motions and hearings.

In this case, this Court's finding of bad faith by Defendants has not gone unpunished.  Defendants have had the most severe sanction imposed upon them for their spoliation - the imposition of a default judgment against them on the copyright infringement count.

## C.  <u>The Reasonable Fees and Costs to Award</u>

The reasonable attorney's fees and costs award that should be made to Plaintiff for the period November 12, 2008 – June 25, 2010 are:

| | | |
|---|---|---|
| Randall Ogg | Legal Fees | $290,325.00 |
| Randall Ogg | Expenses | 13,100.34 |
| Hogan Lovell | Legal Fees | 100,926.25 |
| Hogan Lovell | Expenses | 3,586.04 |
| Guidance Software | | <u>$  70,472.29</u> |
| | | |
| Total Award: | | $478,409.92 |

---

[2] Similarly, 28 U.S.C. §1927 permits a court to require counsel who engage in vexatious conduct to pay "[t]he excess costs, expenses and attorney's fees reasonably <u>incurred</u> <u>because</u> of such conduct."

# CONCLUSION

While it is understandable that Magistrate Judge Grimm, after having determined that Defendants acted in bad faith, would want to award attorney's fees and costs for all discovery, motions and hearings that have occurred, there simply is no legal basis to do so. A finding of bad faith does not make all discovery, motions and hearings over a four year period subject to attorney's fees and costs. There must be a causal relationship between the acts of bad faith and the necessity for the attorney's fees and costs awarded. It is respectfully submitted that plaintiffs should be awarded the attorney's fees and costs calculated by Defendants.

Respectfully submitted,


/s/  James A. Rothschild
James A. Rothschild (Bar No. 00624)
Anderson, Coe & King, LLP
201 North Charles Street, Suite 2000
Baltimore, Maryland 21201
Telephone: (410) 752-1630/ Fax: (410) 752-0085


/s/  Joshua L. Kaufman
Joshua L. Kaufman (Bar No. 03693)
Venable, LLP
575 7th Street, NW
Washington, D.C. 20004
Telephone: (202) 344-8538/Fax: (202) 322-8300

`

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing was served in accordance with the ECF procedures of this Court to:

Randell C. Ogg (Bar No. 22623)
Law Offices of Randell C. Ogg
1150 Connecticut Avenue, N.W.
Ninth Floor
Washington, D.C.20036
Telephone:  (202) 862-4323
Fax:  (202) 828-4130

Robert Wolinsky (Bar No. 26839)
Hogan Lovells US LLP
555 Thirteenth Street
Washington, D.C. 20004
Telephone:  (202) 637-5600
Fax:  (202) 637-5910
*Counsel for Plaintiff*

_____/s/_____
James A. Rothschild (Bar No. 00624)