```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND

VICTOR STANLEY, INC.           *

       Plaintiff               *

       vs.                     *    CIVIL ACTION NO. MJG-06-2662

CREATIVE PIPE, INC., et al.    *

       Defendants              *

*      *      *      *      *      *      *      *      *
```

ORDER RE: CONTEMPT PROCEEDINGS

The Defendants have been noncompliant with several Orders of the Court, including Orders directing the appearance in this Court of Defendant Mark Pappas, Orders directing the making of certain payments, and others.

A.   Orders Re: Payment and Appearance

In the Memorandum and Order Re: Payment of Sanctions [Document 495], the Court Ordered that:

> By December 15, 2011, Defendants Mark T. Pappas and Creative Pipe, Inc. shall pay the sanctions balance of $571,440.12 with judgment interest on said balance from November 4, 2011.

Defendants did not comply with the Order. Rather, Defendant Pappas filed an Affidavit of Mark T. Pappas [Document 511] stating that he could not "pay the sanction in full at

present" but that "I am able to pay to plaintiffs (sic) the sum of $100,000 with a payment plan of $20,000 per month at the court mandated interest rate of 6%/year." By the Order Re: Contempt Proceedings [Document 516] issued December 21, 2011, the Court stated:

> Pappas presents no justification whatsoever for the Defendants' failure to make timely payment of at least the $100,000 which he stated he was able to pay. Moreover, Defendant Pappas' affidavit regarding his financial circumstances is inadequate to show cause that he should not be subject to sanctions for his failure to make payment or to justify a finding that he or corporate Defendant, Creative Pipe, Inc., is unable to make full payment due to an inability to comply.
>
> Under the circumstances, Defendants shall, without fail, forthwith pay Plaintiff the sum of $100,000.00 and shall pay Plaintiff the further sum of $20,000.00 by January 16, 2012.
>
> Defendants shall also appear in this Court on January 26, 2012 to show cause why they should not be held in contempt for failing to make full payment. Defendants shall, at the January, 26, 2012 hearing, have with them all documentary evidence necessary to establish their inability to make payments.
>
> Plaintiff may, in any event, continue to proceed with supplementary proceedings, including documentary and deposition discovery that may be scheduled prior to the January 26, 2012 show cause hearing.

The Order further stated:

1. Defendants shall, without fail, by 1:00 p.m. (Baltimore Time) December 27, 2011:

    a. Pay Plaintiff the sum of $100,000.00, and make further payment of $20,000.00 by January 16, 2012, as partial compliance with the Order Re: Payment of Sanctions [Document 495];

    . . . .

2. Should Defendants fail to fully comply with ¶ 1 hereof, each Defendant shall appear in Courtroom 5C of the United States Court House in Baltimore, Maryland on Wednesday, December 28, 2011 at 10:00 a.m. to show cause why said Defendant should not be held in civil contempt and subject to possible fine and/or incarceration.

    . . . .

3. Each Defendant shall appear in Courtroom 5C of the United States Court House in Baltimore, Maryland on Thursday, January 26, 2012 at 10:00 a.m. to show cause why said Defendant should not be held in civil contempt and subject to possible fine and/or incarceration for failure fully to comply with the Order Re: Payment of Sanctions [Document 495] and with the Permanent Injunction Re: Patent Infringement [Document 487].

Defendants did not comply with the Order to pay $100,000.00 by December 27, 2011.[1]

---

[1] And have made no monthly payment thereafter.

On December 28, 2011, Defendant Pappas did not appear. On that date, the Court issued the Order to Arrest Mark T. Pappas [Document 520] stating:

> Due to the failure of Defendant, Mark T. Pappas, to appear before this Court pursuant to the Order Re: Contempt Proceedings issued December 21, 2011 [Document 516], the United States Marshal is hereby directed to ARREST Defendant Mark T. Pappas wherever he may be found, detain him in custody, and bring him before this Court to show cause why he and Defendant Creative Pipe, Inc. should not be held in contempt and/or held in custody until he purges their contempt.

By email to the Court's law clerk on or about January 19, 2012, counsel for Defendant Pappas stated, "From what I know at this time, Mr. Pappas may decide not to appear for the [January 26] hearing." In fact, Defendant Pappas did not appear on January 26, 2012 as Ordered. Indeed, Mr. Pappas was ultimately located in Belize, was arrested in that country by local authorities, deported to the United States and, on Monday, August 6, 2012, he was taken into custody by the United States Marshal in Houston, Texas. Pursuant to an Order of the United States District Court for the Southern District of Texas, Defendant Pappas will be brought to this Court for initial appearance and further proceedings on or about Tuesday, August 14, 2012.

B. <u>Judge Grimm's Order</u>

By Letter Order of February 8, 2012 [Document 538], Magistrate Judge Grimm Ordered:

> Defendants must produce all responsive documents [described therein] in their possession, custody, or control, but need not produce any documents that they previously provided to Plaintiff. For any previously-provided responsive document, Defendants must identify (1) the previously-provided document, (2) the time and place of production, and (3) the interrogatory or production request to which each document is responsive. Defendants shall produce all such documents within fourteen (14) days of this Order.
>
> Additionally, Defendants must answer all interrogatories completely and not evasively. Fed. R. Civ. P. 37(a)(4). To the extent that the interrogatories may be answered through production of Defendants' business records, Defendants are cautioned that, in producing responsive business records, they must "specify[] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could," and may produce documents only if "the burden of deriving or ascertaining the answer will be substantially the same for either party." Fed. R. Civ. P. 33(d). Defendants shall provide answers to Plaintiff within fourteen (14) days of this Order.
>
> In addition, Mr. Pappas is hereby ordered to appear for a deposition in this district. Absent consent of the parties or order of the Court, the deposition shall be within fourteen (14) days of this Order, at a time and place to be selected by Plaintiff's

> counsel. Plaintiff shall provide notice pursuant to Rule 30(b)(1).

Defendants have not complied with this Order.

### C. Copyright Injunction

Plaintiff has presented allegations that indicate a probability that Defendants have failed to comply with their obligations to this Court in other respects. These include, but are not limited to the following obligations pursuant to the Copyright Injunction [Document 497]:

1. ¶ 1:

    a. All documents and printed materials, and any physical media that exists, that constitute or contain copies of any VSI copyrighted work were to be delivered to VSI counsel by December 1, 2011. Plaintiff states that only partial delivery has occurred.

    b. "Garage documents" produced were actually from the VSI document production or CPI discovery production. Plaintiff states that numerous instances of drawings are still outstanding including the following as outlined in the Supplement to Verified Complaint [Document 179] pp. 11, 13, 18, 21, 22, 24, 25, 26, 27, 28, 29, 30, 31, 35, 36, 38, 39, 41, 42, 43, 44, 51, 52, and 53.

2. ¶ 2:

    a. An independent information technology expert, at CPI's and Pappas' expense, subject to the approval of Plaintiff, was to (1) delete, purge, and expunge from its web site, online catalogues, computers, computer servers, and computerized systems any and all data, records, files, and code that

      constitute or contain VSI's copyrighted works in any electronic form and (2) have the said expert confirm in writing to VSI counsel, the completion of said actions. This was to be completed by December 1, 2011.  Plaintiff states that this is not completed.

3. ¶ 3:

   a. All CPI's paper and electronic records were to be searched to ascertain all entities to which Defendants sent an infringing drawing of a VSI copyrighted work and supplied goods made in China to that entity, and provide VSI counsel with a list of such entities that counsel shall keep confidential "Attorney Eyes Only."  This was to be completed by December 1, 2011. Plaintiff states that there has been only partial compliance.

   b. The identities of "entities to which Defendants sent infringing drawings . . . and supplied goods made in China to that entity" were to be supplied.  Plaintiff states that this has not been done.

4. ¶ 4:

   a. The heads of the procurement departments for various entities to which Defendants sent infringing copies of VSI's copyrighted works were to be notified, and copies of the notifications to be provided to VSI counsel. This was to be completed by December 1, 2011.  Although an affidavit of compliance was provided to the Court, Plaintiff states that there has been only partial compliance.

   b. Notices were to be sent to "all" entities. At least 17 entities have been identified by Defendants. Plaintiff states that copies of only 14 email notices were provided to VSI counsel, that not all of the email notices

       provided to VSI counsel included the actual text of the communication, not all of the email notices have provided proof of receipt by the recipient and that the text of the communications provided to VSI counsel is deficient in that it did not contain the language required by the injunction, and it contained additional language regarding CPI's appeal that was not authorized by the injunction, that notices that were provided to VSI counsel were not addressed to the head of the department, and many were sent to generic email addresses and were unlikely to have been seen and that the Pappas affidavit confirms there is at least a 30% failure rate with the email approach.

   c. Plaintiff states that Defendants have not made a serious and good faith effort to identify "all" the entities to which they sent infringing drawings.  Based on trial testimony, Plaintiff states there are at least 163 entities that have not been identified or sent notifications.

D. Conclusion

  1. Defendant Pappas shall appear, and Defendant CPI shall produce a witness or witnesses pursuant to Rule 30(b)(6)[2] to testify at a deposition to be taken by Plaintiff relating to all matters[3] pertaining to compliance and/or noncompliance with Court Orders and also supplemental matters in aid of the enforcement of the judgment herein to commence in Courtroom 5C, United States Courthouse, Baltimore, Maryland on Tuesday, August 14, 2012 at 1:00 p.m.[4]

---

[2] All Rule references are to the Federal Rules of Civil Procedure.
[3] Including but not limited to matters relating to documents, and witnesses relevant to such matters.
[4] Or such other time as may be set by further Order.

8

2. Defendants shall appear in Courtroom 5C, United States Courthouse, Baltimore, Maryland at 10:00 a.m. on Wednesday, August 15, 2012[5] and show cause why they should not be held in civil contempt and subject to possible fine and/or incarceration for failure fully to comply with each and every one of the Orders identified in this Order Re: Contempt Proceedings.

SO ORDERED, on Friday, August 10, 2012.

/s/
Marvin J. Garbis
United States District Judge

---

[5]  Or such other date and time as may be set by further Order.