IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

VICTOR STANLEY, INC.               *

      Plaintiff                         *

      vs.                               *       CIVIL ACTION NO. RDB-06-2662

SCH Enterprises, LLC, et al.       *

      Defendants               *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM & ORDER RE: REPORT & RECOMMENDATION**

The Court has before it Magistrate Judge Sullivan's Report and Recommendation [ECF No. 818], Defendant's Objections to Magistratie [sic] Judge's Report and Recommendation [ECF No. 821], and the materials submitted by the parties relating thereto. The Court finds that a hearing is unnecessary. For the reasons that follow, the Report & Recommendation is ADOPTED and the Defendants, SCH Enterprises, LLC and Mark T. Pappas, shall make the assignments, transfers, and cash payments to the Plaintiff, Victor Stanley, Inc., as ordered.

## **BACKGROUND**

Inasmuch as the parties are fully familiar with the pertinent background, it suffices to state that currently, the status of this litigation is that Plaintiff, Victor Stanley, Inc. ("VSI") is seeking to collect on its judgment and on sanctions that have been awarded.[1] This effort has been ongoing since the first sanctions were awarded in November 2010, final judgment in favor of VSI in November 2011, and further sanctions awarded during the collections

---

[1]       This case was initially assigned to the Honorable Marvin J. Garbis, who has since retired, and the case was reassigned to the undersigned on September 27, 2018.

process.  See, e.g., ECF Nos. 721, 747 (summarizing the various judgments and failures to comply by the Defendants[2]).

More recently, in August 2017, Judge Garbis held "that the evidence clearly and convincingly establishes that Defendants failed to comply with their obligation to pay VSI . . . . [and t]hey most certainly did not take all reasonable steps within their power to ensure at least partial compliance."  ECF No. 747 at 14.  The Court found Defendants in contempt, ordered certain specific steps to be taken to purge the nonpayment contempt, and allowed VSI the opportunity to request that further specific actions be required.  *Id.* at 14-17.  Judge Garbis then ordered, ECF No. 750, counsel to file statements of compliance, which resulted in a hearing on October 2, 2017, during which Defendant Pappas testified.  Judge Garbis found that Defendants had substantially complied with the Court's Order, but VSI requested that Defendant Pappas be ordered to address the shortfall "by making payments from his considerable income, liquidation of other assets, and recovery of the various fraudulent transfers he made to his wife."  ECF No. 758 at 1.  The matter was referred to Magistrate Judge Sullivan for a Report and Recommendation.  *Id.* at 2.  Judge Sullivan provided the requested Report and Recommendation [ECF No. 818] to this Court on July 3, 2018, which this Court now ADOPTS.

In February 2018, Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction [ECF No. 792] and an emergency Motion for Immediate Hearing [ECF No. 793] was filed by Plaintiff.  VSI requested that the Court enjoin Pappas from "collecting, depositing or cashing any accounts receivable payments for SCH Enterprises,

---

[2]    Defendant Mark Pappas ("Pappas") and Creative Pipe Inc.

2

LLC ("SCH") until further order of the Court." ECF No. 792 at 1. Judge Garbis granted the motion for a hearing, ECF No. 795, held a hearing on February 23, 2018, and granted a Temporary Injunction [ECF No. 802] to be in effect until the Court ruled on Plaintiff's Motion. Shortly thereafter, on February 27, 2018, a Consent Order [ECF No. 808] was entered granting VSI's Motion to Substitute Party [ECF No. 762], substituting SCH in place of Defendant Creative Pipe, Inc. as a defendant and judgment-debtor for all purposes. An Amended Judgment [ECF No. 809] was issued on the same date in favor of VSI against Defendants Pappas and SCH. This Court then entered a Supplemental Procedural Order [ECF No. 810], asking Magistrate Judge Sullivan[3] to also:

> consider matters relating to the Court's ordering Defendant Pappas to take specific actions to address his payment shortfalls including but not limited to any transfer of ownership of: any assets owned by Pappas, assets owned by SCH, LLC, the pertinence of any contracts or obligations to which SCH may be subject, any assets owned by SCH, any intellectual property owned by, or controlled by, Pappas and/or entities that he owns or controls, imposing restrictions upon the payment of Pappas' personal expenses (rather than payments to Pappas which could be used to pay Plaintiff) by others or other devices utilized to avoid the payment of available funds to Plaintiff in satisfaction of existing payment obligations.
>
> In addition, the Magistrate Judge may consider any contentions that may be made regarding any alleged past or ongoing violations of Court Orders that may warrant consideration for further action including possible contempt proceedings.

ECF No. 810 at 1-2.

---

[3] At the hearing scheduled for March 2, 2018 related to Procedural Order [ECF No. 807], which had requested a Report and Recommendation.

Magistrate Judge Sullivan held the hearing on April 4, 2018.[4] Defendant Pappas did not appear. A Report and Recommendation [ECF No. 818] was provided to this Court on July 3, 2018, to which Defendants timely filed Objections [ECF No. 821]. VSI filed a response [ECF No. 824] to Defendants' objections, and the matter is ripe for review.

Magistrate Judge Sullivan recommended that this Court grant VSI's requests in full, as follows:

> 1. Pappas, Creative Pipe, Inc. (CPI) and SCH individually and jointly shall transfer and assign all their rights to any and all of the following intellectual property [of] Pappas, CPI or SCH in the form of papers prepared by VSI:
>
> a. all site furnishing patents owned by Pappas, CPI or SCH, including those patents identified by Pappas in his response to the Post Hearing Order of February 28, 2018 (ECF No. 811);
>
> b. all copyrights to the names of the products used by CPI and SCH, including the product names for the products that appeared in either the CPI or SCH on-line catalog; and
>
> c. the right to use the name "Creative Pipe, Inc." in connection with the sale and marketing of site furnishing products; and
>
> d. the rights to all Product Designs, Names, and Product Designations that were previously supplied and marketed by CPI; and
>
> e. the bank accounts and physical assets of Torcoat, LLC.
>
> 2. Pappas and SCH shall provide to VSI copies of all shop drawings for any product covered in paragraph 1 above and shall assign to VSl the exclusive rights to use of any such drawings;
>
> 3. Pappas and SCH shall assign to VSI all SCH accounts receivable identified by Pappas in his response to the Post Hearing Order of February 28, 2018 (ECF No. 811) and any

---

[4] The hearing was delayed from March 2, 2018 due to the courthouse closure for inclement weather.

> accounts receivable that have come in to existence since the date of that response.
>
> 4. The Inventory, SCH Banking Account, Air Compressor, Fork Lift, Sand Blasting Booth, Powder Coating Booth, Powder Coating Oven, Packaging Materials, Tools and Equipment, Pallet Racking, and Electronic Equipment identified by Pappas in his response to the Post Hearing Order of February 28, 2018 (ECF No. 811 ).
>
> 5. Pappas shall make an immediate cash payment of $100,000 to VSI; and
>
> 6. Pappas shall allow VSI monthly access to the full books and records of SCH, including the QuickBooks or other electronically stored accounting data actually used by SCH for the conduct of its business.

ECF No. 818 at 14-15.

Defendants make a general objection and three specific objections. ECF No. 821. Defendants generally object to Magistrate Judge Sullivan's granting VSI everything requested as being overstepping and punitive and without factual support. *Id.* at 1-2. Specifically, Defendants object to the requirement to (1) transfer intellectual property, (2) transfer accounts receivable and assign assets, and (3) the immediate payment of $100,000.

## STANDARD OF REVIEW

When reviewing a magistrate judge's Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court reviews de novo any portions of the Report and Recommendation to which a specific objection is made, id. , but may adopt, without explanation, any of the magistrate judge's recommendations to which no objections are filed. *Solis v. Malkani*, 638 F.3d 269, 274 (4th Cir. 2011) (citing *Camby v. Davis*,

718 F.2d 198, 200 (4th Cir. 1983)). Where objections consist of general and conclusory objections that are not directed to a specific error, the court reviews for clear error. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *Brown v. Comm'r of Soc. Sec.*, 969 F. Supp. 2d 433, 437 (W.D. Va. 2013).

## DISCUSSION

### I. General Objection

First, Defendants make a general objection that Judge Sullivan based his recommendations on a predisposed assessment that Pappas lacks credibility. Since Pappas chose not to appear, it was reasonable for Judge Sullivan to rely on past assessments of his credibility or lack thereof. Judge Sullivan's report was based on this Court's finding that Defendants were in contempt and required to take actions to purge the contempt. It is apparent that Judge Sullivan did not clearly err, but considered the evidence and proposals presented by Defendants' counsel as well as the evidence and witness testimony presented by Plaintiff and provided a reasoned decision to the parties and this Court.

### II. Intellectual Property

Defendants' first specific objection is to the recommendation that Defendants' intellectual property assets be turned over to VSI. Defendants contend that this presents valuation issues, will not produce liquid proceeds, and will destroy SCH's ability to operate. The valuation issues can be resolved by agreement of the parties or, if agreement is not possible, by referral back to Judge Sullivan for a valuation as recommended. ECF No. 818 at 11. There is no need for the proceeds to be liquid to satisfy a payment towards the shortfall on the sanctions award. There is also no need for such a remedy to destroy SCH's

ability to operate. The assignment to VSI can include a license back to SCH providing the ability to use the intellectual property, and such license can be taken into account in the valuation thereof.

Defendants add that such a remedy has never been required in the past, so should not be considered now. However, "any intellectual property owned by, or controlled by, Pappas and/or entities that he owns or controls" was specifically listed as an option for Judge Sullivan to consider. ECF No. 810 at 1-2. Therefore, this Court adopts this recommendation.

### III. Assets and Accounts Receivable

Defendants also object to the recommendation that SCH's assets and accounts receivable be assigned to VSI. Defendants contend that the ultimate valuation will be far in excess of the remaining amount payable under the sanctions award and could result in putting SCH out of business. Defendants also point to their substantial compliance with this Court's prior Order to assign assets as if that provides some sort of pass on complying with the requirement to make up the shortfall still remaining. This Court requires compliance with all its Orders. In this instance, there remains a shortfall in the payment of the sanctions award (ECF No. 722) of about $800,000, and the recommendations are intended to satisfy that shortfall only. Further, Defendants' own Exhibit 6 provided at the hearing before Judge Sullivan, values accounts receivable at about $216,000, which would not satisfy the shortfall even if they were 100% collectible. Defendants also contend that the physical assets have functional value but little liquidation value, so there appears little danger of VSI collecting more than the amount remaining due on the sanctions award.

Defendants argue that assigning all accounts receivable, bank accounts, inventory, and physical assets will likely result in putting SCH out of business. This is a situation created by Defendants, who do not propose a viable alternative to this recommended action. As at February 26, 2018, Defendants stated their present ability to make monthly payments of $10,000 (ECF No. 805 at 2), but they have not done so. VSI asserts that Defendants have never made a single, voluntary payment toward the Sanctions Order, and Defendants do not counter that assertion. Simply ignoring the liability is not an option. Therefore, this Court adopts this recommendation.

**IV.    Immediate $100,000 Payment**

Defendants object to the requirement for an immediate payment of $100,000 by Pappas against the sanctions award. Defendants then contend that a payment collected by VSI from SCH through its independent collection efforts satisfies the requirement. It does not. The burden is on Pappas to demonstrate his inability to pay, *United States v. Rylander*, 460 U.S. 752, 757 (1983), but he has not met that burden. Only one of Defendants' exhibits related to Pappas' finances – Exhibit 13, which was a list of his monthly expenses that appears to be incomplete. Pappas has not provided any documentation to show that he is incapable of making this payment on the Sanctions Award. Therefore, this Court adopts this recommendation.

**CONCLUSION**

For the foregoing reasons:

> 1. Magistrate Judge Sullivan's Report and Recommendation [ECF No. 818] is ADOPTED.

a. In consultation with Plaintiff, in the form of papers prepared by Plaintiff, Defendants shall make the requested assignments and transfers by November 30, 2018.

   b. Plaintiff and Defendants shall confer in an attempt to assign a value to the assets and apply the value to the outstanding balance due on the Sanctions Order. If the parties are unable to agree, Plaintiff shall communicate the lack of agreement to the Court by November 16, 2018, for referral to Magistrate Judge Sullivan to determine a fair valuation.

   c. Defendant Pappas shall make a cash payment of $100,000 to Victor Stanley, Inc. no later than Friday, November 9, 2018. Should Defendant Pappas fail to fully comply, this Court shall take appropriate action that may include a Show Cause Order requiring the forthwith appearance in this Court for civil contempt proceedings.

2. The Amended Temporary Injunction [ECF No. 827] remains in effect only to the extent that such injunction is not mooted by the foregoing.

SO ORDERED, on October 25, 2018.

　　　　　　　　　　　　　　　　　／s／　　　　　　　
　　　　　　　　　　　　　　　Richard D. Bennett
　　　　　　　　　　　　　　　United States District Judge