IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED ___ ENTERED
___ LODGED ___ RECEIVED

FEB 2 6 2019

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY ___ DEPUTY

VICTOR STANLEY, INC. *

    Plaintiff *

vs. * CIVIL ACTION NO. RDB-06-2662

SCH Enterprises, LLC, et al. *

    Defendants *

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM & ORDER

Plaintiff, Victor Stanley Inc. ("VSI"), moves this Court to hold Defendants Mark Pappas ("Pappas") and SCH Enterprises, LLC ("SCH") in contempt of Court. (ECF No. 845.) Inasmuch as the parties are fully familiar with the pertinent background, it suffices to state that currently, the status of this litigation is that Plaintiff, Victor Stanley, Inc. ("VSI") is seeking to collect on its judgment and on sanctions that have been awarded.[1] This effort has been ongoing since the first sanctions were awarded in November 2010, final judgment in favor of VSI in November 2011, and further sanctions awarded during the collections process. (*See, e.g.*, ECF Nos. 721, 747 (summarizing the various judgments and failures to comply by the Defendants[2])).

---

[1] This case was initially assigned to the Honorable Marvin J. Garbis, who has since retired, and the case was reassigned to the undersigned on September 27, 2018.
[2] Defendant Mark Pappas and Creative Pipe Inc.

Most recently in this ongoing saga, on October 25, 2018, this Court adopted Magistrate Judge Sullivan's Report and Recommendation (ECF No. 818) and ordered Defendants to make specific assignments and transfers by November 30, 2018; attempt to agree on a valuation of assets or be referred to Magistrate Judge Sullivan for a determination of fair value; and Defendant Pappas was to make a cash payment of $100,000 by November 9, 2018. (ECF No. 828 ("the Order").) The Amended Temporary Injunction (ECF No. 827) remained in effect to the extent that it was not mooted by the Order. The Parties' disputes related to valuation are currently before Magistrate Judge Sullivan for resolution. (ECF No. 849.) However, Victor Stanley contends that Defendants failed to make the intellectual property assignment as required by the Order, and Pappas violated the Amended Temporary Injunction by transferring $100,000 out of SCH's checking account to himself on October 31, 2018, thereby reducing the amount available for transfer from SCH to Victor Stanley under the Order. (ECF No. 845.)

Specifically, with regard to the assignment of intellectual property, VSI contends that Defendants failed to comply with the Order and subsequent clarifications by Magistrate Judge Sullivan (ECF No. 834) as follows:

- Defendants did not provide the net margin data for the patented products, or any information related to the products subject to copyright protection, as ordered by ECF No. 834 ¶ 3.

- Defendants refused to sign the instrument provided by Victor Stanley pursuant to the Order that would effectuate the court-ordered transfer

and assignment of intellectual property. Instead, Defendants produced an alternate instrument that did not actually transfer any intellectual property.

Further, the Amended Temporary Injunction (ECF No. 827) provided, in pertinent part:

> SCH Enterprises, LLC is enjoined from selling, transferring, assigning, or otherwise disposing of any asset outside of the ordinary course of business without permission of the Court.
>
> Mark Pappas is enjoined from selling, transferring, assigning, or otherwise disposing of any asset outside of paying his normal living expenses without permission of the Court.

On October 30, 2018, a check was written to Pappas for $100,000 as an "S-Distribution," outside the ordinary course of business, without the permission of the Court. Pappas had been ordered to pay $100,000 to VSI from his personal funds, and Pappas wrote a check to VSI for that amount on November 9, 2018 as ordered. However, the transfer of SCH funds from its bank account to VSI had been diluted by the check to Pappas, resulting in VSI receiving $100,000 less than ordered. VSI argues that this was a violation of the letter and spirit of the Order as well as a willful violation of the Amended Temporary Injunction.

In response, Pappas asserts that he complied with this Court's orders. (ECF No. 846.) He argues that adequate information was provided for valuation, although it was not in the exact form as ordered, the assignment document provided by VSI was

3

executed with two minor modifications consistent with this Court's orders, and VSI received a check from Pappas for $100,000 on November 9, 2018, as well as the contents of the SCH bank account on November 30, 2018 as ordered.

Given the history of this case, Defendant Pappas should be manifestly aware that a Court order is not an invitation to negotiate terms of compliance. As requested by Defendants, certain terms of the Order were clarified by Magistrate Judge Sullivan, leaving no room for interpretation. Specifically, as relevant herein, this Court ordered:

> In consultation with Plaintiff, <u>in the form of papers prepared by Plaintiff</u>, Defendants shall make the requested assignments and transfers by November 30, 2018.

ECF No. 828 at 9 (emphasis added).

> Such information shall be produced to Mr. Ogg (<u>including information regarding the sales and net margins of the applicable products for the last three years</u>) by November 30, 2018 at 5:00 p.m. PST.

ECF No. 834 at ¶ 3 (emphasis added).

Additionally, Pappas presents no justification for the payment of $100,000 to him from SCH on October 30, 2018, neither by explaining how it was in the ordinary course of business nor by demonstrating that permission was obtained from this Court. Pappas' explanation that "any money that is in the SCH account is . . . his to do with what he wants" is in direct conflict with the Amended Temporary Injunction (ECF No. 827), which enjoins both SCH and Pappas from extraordinary distributions.

Therefore, Defendants shall fully comply with this Court's Order (ECF No. 828) or show cause why they should not be found in contempt of Court for failing to comply with this Court's Orders.

For the foregoing reasons:

1. Defendants shall demonstrate their full compliance with this Court's Order (ECF No. 828) no later than March 15, 2019 at 5:00 p.m. ET, as follows:

    a. SCH Enterprises, LLC shall make the requested assignments and transfers pursuant to ECF No. 828 ¶ 1.a. in consultation with Plaintiff and in the form of papers acceptable to Plaintiff;

    b. Defendants shall produce the information as clarified by ECF No. 834 ¶ 3 to include sales and net margins of the applicable products for the last three years;

    c. Defendants shall make a cash payment of $100,000 from SCH Enterprises, LLC or Mark Pappas to Victor Stanley, Inc.

    d. Any disputes related to valuation will be resolved by Magistrate Judge Sullivan in due course.

2. Should Defendants fail to fully comply with ¶ 1 hereof, each Defendant shall appear in Courtroom 5D of the United States Court House in Baltimore, Maryland on Tuesday, March 19, 2019 at 2:00 p.m. ET to show cause why said Defendant should not be held in civil contempt and subject to possible fine and/or incarceration.

Dated: February 26, 2019.

_____
Richard D. Bennett
United States District Judge