IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VICTOR STANLEY, INC., | * | |
| Plaintiff, | * | |
| v. | * | Case No. RDB-06-2662 |
| SCH ENTERPRISES, LLC, *ET AL.* | * | |
| Defendants. | * | |

\* \* \* \* \* \*

**MEMORANDUM OPINION**

Pending before the Court is Plaintiff Victor Stanley, Inc.'s ("VSI") "Motion for Attorney Fees and Expenses" ("Motion") (ECF No. 838). Having considered the submissions of the parties (ECF Nos. 838, 843 & 844), I find that a hearing is unnecessary. *See* Loc. R. 105.6. For the following reasons, the Motion will be granted. The Court awards VSI reasonable attorney's fees and costs in the amount of $143,087.62.

**I.      Introduction**

The Court has previously summarized the lengthy procedural history of this case. (ECF No. 747 at 1-7.) Of import here, on April 20, 2016, the Court ordered Defendant-judgment debtors Mark Pappas ("Pappas") and Creative Pipe, Inc.[1] (collectively, "Defendants") to pay a total of $1,281,315.91 in monetary sanctions and costs to Plaintiff-judgment creditor Victor Stanley, Inc. by May 23, 2016, and certify that such amount had been paid by May 31, 2016 (hereinafter, the "Sanctions Order"). Defendants did not comply with the Sanctions Order. (ECF No. 747 at 17.) VSI now seeks an order directing Defendants to reimburse it for the attorney's fees and costs that

---

[1] Defendant SCH Enterprises, LLC ("SCH") was substituted as a defendant in place of Creative Pipe, Inc. on February 27, 2018. (ECF No. 808.)

1

it incurred in connection with its efforts to obtain Defendants' compliance with the Sanctions Order.

## II. Reasonable Attorney's Fees and Expenses

The Court is required to award certain reasonable attorney's fees and expenses when a party fails to comply with a court order. Fed. R. Civ. P. 37(b)(2)(C); *see also U.S. Home Corp. v. Settlers Crossing, LLC*, DKC-08-1863, 2013 WL 3713671, at \*3 (D. Md. July 15, 2013). Specifically, the Court "must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

"The amount of attorneys' fees to be awarded in any case is left to the discretion of the district court." *Davis v. Uhh Wee, We Care Inc.*, No. ELH-17-494, 2019 WL 3457609, at \*10 (D. Md. July 31, 2019) (citing *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013); *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009)). In calculating an award of attorney's fees, the Court must first determine the lodestar amount, defined as a "reasonable hourly rate multiplied by hours reasonably expended." *Grissom v. The Mills Corp.*, 549 F.3d 313, 320-21 (4th Cir. 2008); *see also Perdue v. Kenny A.*, 559 U.S. 542, 551 (2010) (noting that the lodestar figure is "the guiding light of our fee-shifting jurisprudence"); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ("The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."); *Garcia v. Montgomery Cty., Maryland*, No. TDC-12-3592, 2018 WL 1441189, at \*5 (D. Md. Mar. 22, 2018). In determining whether hours were "reasonably expended," courts consider whether a case was overstaffed, and the degree to which the skill and experience of counsel may have effected the time spent on a task. *Id.* at 434. Counsel for a party seeking attorney's fees must engage in "billing

judgment," which means that they must "make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.*

To ascertain what is reasonable in terms of hours expended and the rate charged, the Fourth Circuit has stated that the Court's

> discretion should be guided by the following twelve factors: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009) (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)). "In ruling on an award for a discovery dispute, the most relevant *Johnson* factors may be the time and labor expended, the novelty and difficulty of the questions raised, the skill required to properly perform the legal services rendered, and the experience, reputation and ability of the attorneys." *Davis*, 2019 WL 3457609, at *10 (internal quotation marks omitted).

Once the Court determines a lodestar figure, it must "subtract fees for hours spent on unsuccessful claims unrelated to successful ones." *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013), as amended (Jan. 23, 2014). The Court then awards "some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." *Id.*

"Reasonableness is the touchstone of any award of attorneys' fees," regardless of whether the award is made because of a fee-shifting statute or as a sanction. *SunTrust Mortg., Inc. v. AIG United Guar. Corp.*, 933 F. Supp. 2d 762, 769 (E.D. Va. 2013). In considering the reasonableness of attorney's fees sought as a sanction for spoliation, courts consider "the nature of the sanctionable

conduct, the nature and extent of the inquiry necessary to ascertain and resolve issues respecting the sanctionable conduct, and the nature of the sanction obtained." *SunTrust*, 933 F. Supp. 2d at 774. Courts will reduce fee awards where a party employs "too many professionals and too many hours devoted to the sanctions-related issues," or neglects to exercise adequate billing judgment. *Id.* at 775. Similarly, if "much of the work was unnecessary. . . considering what was at stake and what was achieved," reasonableness will require lowering the fee award. *Id.* In addition, "[p]roper documentation is the key to ascertaining the number of hours reasonably spent on legal tasks." *Guidry v. Clare*, 442 F. Supp. 2d 282, 294 (E.D. Va. 2006). Inadequate documentation is a basis for a finding that a party has not met its burden to prove the reasonableness of its requested fee. *Id.* ("Lumping and other types of inadequate documentation are thus a proper basis for reducing a fee award because they prevent an accurate determination of the reasonableness of the time expended in a case.")

Regarding the determination of a reasonable hourly rate, the Court's Local Rules provide some guidance. Appendix B to the Local Rules ("Rules and Guidelines for Determining Attorneys' Fees in Certain Cases") provides the following hourly rates as guidelines:

   a. Lawyers admitted to the bar for less than five (5) years: $150-225.
   b. Lawyers admitted to the bar for five (5) to eight (8) years: $165-300.
   c. Lawyers admitted to the bar for nine (9) to fourteen (14) years: $225-350.
   d. Lawyers admitted to the bar for fifteen (15) to nineteen (19) years: $275-425.
   e. Lawyers admitted to the bar for twenty (20) years or more: $300-475.
   f. Paralegals and law clerks: $95-150.

The party seeking attorney's fees bears the burden to prove that the requested fee is reasonable. *Hensley*, 461 U.S. at 433. In exercising its broad discretion to determine a reasonable fee award, a district court must provide a "concise but clear explanation of its reasons." *Id.* at 437.

### A. Lodestar Amount

VSI seeks an award of attorney's fees and costs in the amount of $142,495.10 for the time that its attorneys spent working on issues related to the Defendants' noncompliance with the Court's Sanctions Order. The Court has previously found that Defendants failed to comply with the Sanctions Order (*see* ECF No. 747), so VSI is entitled to an award of reasonable attorney's fees and costs under Rule 37(b)(2)(C). The Court now considers the reasonableness of the hours that VSI's attorneys expended and the fee charged for the work.

#### 1. Reasonable Hourly Rate

The Court finds that the rates charged by VSI's attorneys and paralegal are reasonable. The lead attorney for VSI, Randall Ogg, billed VSI at a rate of $350.00 per hour in 2016, and a rate of $395.00 per hour in 2017 and 2018. (ECF No. 838-1 at 22.) VSI's paralegal billed at a rate of $50.00 per hour. (*Id.*) I find that the hourly rates charged to VSI by Mr. Ogg and his paralegal, both of which are within the rates recommended by the Local Rules, are reasonable. I also note that the Court has previously found similar rates for Mr. Ogg and his paralegal to be reasonable. (*See* ECF Nos. 448 at 11 & 721 at 27.)

In addition, the Court finds that the rate charged by VSI's attorney in Belize is reasonable. Emil Arguelles is an attorney licensed to practice in Belize "[w]ith over 19 years of legal experience." (ECF No. 838-1 at 35.) He billed VSI at a rate of $200.00 per hour. Mr. Ogg's Declaration states that this rate is "consistent with (or lower than) [the market rate for] Belize-based attorneys of comparable expertise." (ECF No. 838-1 at 23.) Considering the guidance provided by this Court's Local Rules, and the evidence submitted by Mr. Ogg regarding the work

that Mr. Arguelles performed and the rate that he charged, I conclude that a rate of $200.00 per hour for Emil Arguelles is reasonable.[2]

### 2. Hours Reasonably Expended

In general, the Court concludes that the hours VSI's attorneys and paralegal expended on this matter were reasonable. Mr. Ogg spent 326.6 hours (between April 21, 2016 and November 20, 2018) performing work for VSI related to the Defendants' failure to comply with the Sanctions Order. Mr. Ogg's paralegal spent 54.9 hours working on this matter. The invoices submitted in connection with Emil Arguelles's work do not separately state the time spent on particular tasks, but the invoices do describe each task and list the charge for each task. (*See* ECF No. 838-1 at 29-33.) By the Court's calculation, Emil Arguelles performed more than 33 hours of work on this matter.

The first of the *Johnson* factors that is relevant to the Court's consideration is the time and labor expended. Mr. Ogg's Declaration (ECF 838-1) lists thirty categories of work that VSI's attorneys and paralegal performed for which VSI seeks to be reimbursed in the Motion. These categories of work include the time VSI's attorneys spent working to enforce the Sanctions Order, responding to various objections and requests for reconsideration filed by Defendants, preparing for the various show cause and contempt hearings held by the Court, effectuating the transfer and eventual sale of the Salem, Oregon property, preparing for and attending various status conferences, and preparing the Motion. All the work that is documented in Mr. Ogg's Declaration is related to Defendants' violation of the Sanctions Order. Had Defendants complied with the

---

[2] Defendants apparently object to any award of attorney's fees for Mr. Arguelles. (ECF No. 843 at 1-2.) Other than their general objection that the work VSI performed in connection with the Belize properties was unnecessary and wasteful, Defendants do not specify any objection to attorney's fees being awarded to a foreign attorney.

Sanctions Order, most—if not all—of this work would have been unnecessary. Mr. Ogg's Declaration also contains the billing and time entries related to this work. (ECF No. 838-1 at 4-24, 29-33.) The description of the work performed by VSI's attorneys are sufficiently detailed to allow for Defendants to object to any specific entries that they believed were unrelated to their violation of the Sanctions Order, or which were otherwise inappropriate. The billing and time entries are also sufficiently detailed to allow the Court to review them for reasonableness. This factor weighs in favor of a finding that the fees sought by VSI are reasonable. VSI's attorneys were required to perform hundreds of hours of work because of Defendants' noncompliance with the Sanctions Order.

The second *Johnson* factor that the Court considers is the novelty and difficulty of the questions raised. Although the issues related to Defendants' noncompliance with the Sanctions Order were not particularly novel, they also were not routine. Defendants have flaunted their obligations under the Federal Rules and have violated orders of this Court in this case for more than a decade. In an ordinary case, the attorney for a judgment creditor might seek post-judgment discovery and obtain responses without incident. Here, VSI's every effort to even obtain discovery—let alone payment—on the Sanctions Order (and the judgment) has been challenged by Defendants. VSI has made an extraordinary effort to get Defendants to comply with the Sanctions Order, but Defendants have resisted at nearly every step. Because of the lengthy and somewhat procedurally complicated history of this case, this factor weighs in favor of a finding that the fees sought by VSI are reasonable.

Two other *Johnson* factors, the skill required to properly perform the legal services rendered and the experience of the attorneys, also weigh in favor of awarding VSI the fees that it claims. The efforts that VSI's attorneys made to get Defendants to comply with the Sanctions

Order took skill. VSI's attorneys have submitted lengthy and detailed briefs that have assisted the Court in sorting through the issues in dispute. VSI's attorneys have also been required to prepare for and participate in hearings related to the certification of Defendants' contempt and actual contempt hearings. These were not routine show cause hearings. Instead, the issues considered by the Court in these hearings were complex, and it took special skill to present VSI's position as persuasively as VSI's attorneys have done. VSI's lead counsel, Mr. Ogg, is experienced. He graduated from law school in 1977. In this case alone, he has been counsel of record for nearly 13 years. These factors weigh in favor of finding that the fees sought by VSI are reasonable.

### 3. Defendants' Objections

Defendants raise several objections to the Motion. (ECF No. 843.) Although the objections are non-specific, the Court will still consider them. First, Defendants object "to those legal fees incurred for judgment execution . . . disguised [] as contempt enforcement." (*Id.* at 1.) Defendants have made this argument before, so the Court is able to elaborate. Defendants believe that rather than resorting to ordinary post-judgment procedures to collect on the judgment, VSI has enlisted this Court to do its work through contempt enforcement. The Court rejects this argument. VSI has previously explained its attempts to collect on the judgment by resorting to state court procedures. Sometimes these attempts have been successful, but mostly they have been thwarted by Defendants' efforts to avoid paying the judgment. But this is beside the point. The Court entered a Sanctions Order against Defendants. Because Defendants have not complied with the Sanctions Order, VSI has been required to work to see that Defendants comply with it. It may be that some of the work that VSI performed related to the Sanctions Order would have been performed even if the Sanctions Order had never been entered, in the normal course of post-judgment discovery and judgment execution. But VSI is still entitled to the fees it incurred so long as they are reasonable

8

and relate to the enforcement of the Sanctions Order. Alternatively, the Court rejects this argument because it is not made with any specific reference to the billing entries in dispute. As Judge Grimm noted in a previous order, it would be a "labor-intensive ordeal" for the Court to wade through all the billing entries to try to determine which entries Defendants believe are judgment execution disguised as contempt enforcement. (ECF No. 448 at 7-8.) The Court declines to "undertake this time-consuming task, particularly when Defendants did not themselves view it as necessary to do so." (*Id.* at 8.)

Defendants' second objection is to the time that VSI spent in connection with assets that Defendants "repeatedly asserted had no realizable equity," such as the Belize properties. (*Id.*) Even assuming that Defendants "repeatedly asserted" that the Belize properties were effectively worthless, which is a point that VSI disputes (*see* ECF No. 844 at 2 n.1), VSI had every reason to doubt the reliability of such assertions. Defendants have endeavored to thwart VSI's judgment collection efforts for years. At times, Defendant Mark Pappas has been evasive, non-responsive, and dishonest. The attorney's fees and costs that VSI incurred in connection with its attempts to liquidate the Belize properties were reasonable. Again, the Court notes that Defendants do not specifically challenge the reasonableness of any time entries on the timesheets that Mr. Ogg submitted as part of his Declaration.

Defendants' third objection is for the time that VSI's attorneys dedicated "to a personal QuickBooks account which Defendants have repeatedly stated never existed." (ECF No. 843 at 1.) VSI maintains that the work performed regarding the purportedly non-existent QuickBooks account was necessary and reasonable. (ECF No. 844 at 4.) Nonetheless, "[t]o facilitate resolution of this matter and reduce Court involvement," VSI agrees to voluntarily reduce its fee request by one hour, which approximately accounts for the time that VSI spent working on the personal

9

QuickBooks account issue. Defendants did not specify which time entries they objected to regarding this issue, so the Court will accept VSI's representation that its attorneys devoted one hour to this issue. VSI's fee award will be reduced by $395.00, which is the amount that Mr. Ogg charged for one hour of work in 2018.

Defendants' fourth objection is to the fees that VSI incurred "for unnecessary efforts to contest Defendants' compliance when Judge Garbis found that Defendants complied substantially." (ECF No. 843 at 2.) In support of this argument, Defendants cite Judge Garbis's Procedural Order dated October 3, 2017 (ECF No. 758). In this order, Judge Garbis concluded that "Defendants complied substantially, although not fully" with the Court's previous order of August 14, 2017 (ECF No. 747). (ECF No. 758 at 1.) Judge Garbis found that Defendants' noncompliance with the previous order regarding providing "a reasonable estimate of the fair market value of the interests transferred" in the properties in Belize was cured at the hearing. It is not clear which efforts Defendants believe were unnecessary. In addition, the order that Defendants cite was not a victory for Defendants. Instead, it opened the door to additional proceedings aimed at getting Defendants to comply with the Sanctions Order. This objection is no basis to reduce the fees that VSI has claimed.

Defendants' fifth objection is that VSI's attorneys billed for too many hours, especially when compared to the total number of hours billed by Defendants' attorneys over the same period. (ECF No. 843 at 2.) The Court also rejects this argument. It may be that number of hours billed by VSI's attorneys are disproportionately greater than the number of hours billed by Defendants' counsel.[3] But their litigation positions are not comparable. VSI's attorneys have gone out of their

---

[3] Defendants did not provide any evidence as to what their counsel's hours were related to the Sanctions Order. But the Court assumes that Defendants' attorneys worked substantially fewer hours than VSI's attorneys. By way of example, VSI's Motion and reply (including attachments)

10

way to attempt to enforce the Sanctions Order in this case, which has required a great deal of work. On the other hand, as VSI argues, "[a]ll Pappas had to do is refuse to pay and make false claims of poverty" (ECF No. 844 at 5), which does not require nearly as much legal work. The Court finds that the attorney's fees that VSI incurred are reasonable. It may be that Defendants' attorneys spent fewer hours working on this case, but that does nothing to undercut the reasonableness of the hours that VSI's attorneys worked.

Finally, Defendants' sixth objection is that VSI "has not complied in satisfying the Lodestar calculation standards under which the Court typically considers an award of legal fees." (ECF No. 843 at 2.) The Court does not understand this argument and will reject it as meritless.[4]

Having considered all the *Johnson* factors and the arguments of the parties, the Court arrives at the following Lodestar Amount, which includes the one-hour reduction for work related to the QuickBooks account and 2.5 hours of additional time for the work that Mr. Ogg performed "in reviewing the Opposition, undertaking a search for the documents relating to the history as claimed in the Opposition, and then drafting and finalizing [the] Reply" (ECF No. 844 at 6. n.4):

| Attorney | Hourly Rate | Hours | Total |
| --- | --- | --- | --- |
| Randall Ogg (2016) | $350.00 | 23.5 | $8,225.00 |
| Randall Ogg (2017-2018) | $395.00 | 304.6 | $120,317.00 |
| Emil Arguelles | $200.00 | 33.375 | $6,675.00 |
| Paralegal | $50.00 | 54.9 | $2,745.00 |
|  |  |  | $137,962.00 |

The Court must also consider whether any factors warrant an adjustment of the presumptively reasonable lodestar amount. In this case, there is nothing that warrants an

---

contain more than 50 pages. Defendants' opposition is three pages long, and the third page is a certificate of service.

[4] The Court notes that Defendants argue for VSI's attorney's fees should be reduced to no more than $88,180.10. For the reasons set forth in this opinion, the Court concludes that the attorney's fees claimed by VSI are generally reasonable. A reduction of VSI's fees to the amount set forth in Defendants' opposition is not warranted.

adjustment of the lodestar amount. VSI is entitled to an award of its reasonable attorney's fees, which amount to $137,962.00.

    **B.**    **Costs**

VSI also seeks an award of the costs that it incurred in connection with its efforts to make Defendants comply with the Sanctions Order. (ECF No. 838 at 9.) These costs total $5,125.62, which is the sum of the costs incurred by Mr. Ogg's law firm ($4,945.62) and the costs incurred by the law firm of Emil Arguelles ($180.00). Other than generally objecting to the fees and costs that VSI incurred in connection with its retention of Emil Arguelles regarding the properties in Belize, Defendants have not presented any argument as to why VSI's costs should be reduced or denied. VSI has presented sufficient evidence for the costs that it incurred, including legal research charges, copying and postage charges, transcript fees, parking, and a courier service. (ECF No. 838-1 at 24-27.) VSI has also presented evidence of the costs that Emil Arguelles incurred, which appear to be limited to "bank fees" in the amount of $180.00. It is unclear what this means, but because it was apparently an expense incurred by Emil Arguelles and passed on to VSI, and because Defendants have not specifically objected to this cost, the Court will allow VSI to claim it. The Court finds that the costs that VSI incurred in the amount of $5,125.62 are related to the Sanctions Order, that they are reasonable, and that they shall be awarded to VSI.

**III.**    **Conclusion**

For the reasons set forth above, VSI's Motion is **GRANTED**. VSI shall be awarded a total of $143,087.62, which is the sum of the attorney's fees ($137,962.00) and costs ($5,125.62) that it incurred in connection with its efforts to enforce the Sanctions Order between April 21, 2016 and November 20, 2018. Defendants Mark Pappas and SCH Enterprises, LLC shall pay VSI the

sum of $143,087.62, which shall be in addition to the judgment previously entered in this case.

Defendants shall be jointly and severally obligated to pay this sum to VSI.

August 14, 2019
Date

/s/
Timothy J. Sullivan
United States Magistrate Judge