IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Victor Stanley, Inc., | * | |
| Plaintiff, | * | |
| vs. | * | CIVIL ACTION NO. RDB-06-2662 |
| SCH Enterprises, LLC, et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM & ORDER**

The Court has before it Magistrate Judge Sullivan's Order of May 31, 2019 (ECF No. 878), Defendant's Objections to Magistrate Judge's Findings as to Sanctions Credits (ECF No. 885), and the materials submitted by the parties relating thereto. The Court finds that a hearing is unnecessary. For the reasons that follow, the Order is ADOPTED and the Defendants are entitled to a credit of $455,026.62 against the Sanctions Award for the sale of the Salem, Oregon property, and the proceeds that Plaintiff, Victor Stanley, Inc., obtained from the state court garnishment proceeding in Michigan shall be credited against the underlying Judgment, but not against the Sanctions Award, as ordered.

## **BACKGROUND**

Inasmuch as the parties are fully familiar with the pertinent background, it suffices to state that currently, the status of this litigation is that Plaintiff, Victor Stanley, Inc. ("VSI") is seeking to collect on its judgment and on sanctions that have been awarded.[1] This effort has

---

[1] This case was initially assigned to the Honorable Marvin J. Garbis, who has since retired, and the case was reassigned to the undersigned on September 27, 2018.

been ongoing since the first sanctions were awarded in November 2010, final judgment in favor of VSI in November 2011, and further sanctions awarded during the collections process. (See, e.g., ECF Nos. 721, 747 (summarizing the various judgments and failures to comply by the Defendants[2]).)

Most recently, in May 2019, the case was referred to Magistrate Judge Sullivan to determine whether certain proceeds from a garnishment writ issued by a state court in Michigan should be credited against the underlying judgment or against the sanctions award. (ECF No. 875.) Magistrate Judge Sullivan held a hearing on May 31, 2019, and issued an Order forthwith, determining as follows:

1. Defendants are entitled to a credit of $455,026.62 against the Sanctions Award for the sale of the Salem, Oregon property. This is the net amount of proceeds that Victor Stanley obtained from the sale of the property after deduction of the mortgage balance, selling expenses, carrying costs, and other reasonable and necessary expenses.

2. The proceeds that Victor Stanley obtained from the state court garnishment proceeding in Michigan shall be credited against the underlying Judgment, but not against the Sanctions Award.

(ECF Nos. 878, 883.) Defendant Pappas did not appear at the hearing.

Defendants timely filed Objections on June 14, 2019. (ECF No. 885.) VSI filed a response (ECF No. 886) to Defendants' objections, and the matter is ripe for review. Defendants argue that the following determinations by Magistrate Judge Sullivan were improper: (1) the determination of the net amount of $455,026.62 from the sale of the Salem,

---

[2] Defendant Mark Pappas ("Pappas") and Creative Pipe Inc.

2

Oregon property; and (2) the $108,000 Plaintiff collected from the state court garnishment proceeding in Michigan should be credited against Defendants' underlying judgment and not against the Defendants' payment obligation under the Sanctions Order. (ECF No. 885.)

## STANDARD OF REVIEW

When reviewing a magistrate judge's findings, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court reviews de novo any portions of the recommendations to which a specific objection is made, id., but may adopt, without explanation, any of the magistrate judge's recommendations to which no objections are filed. *Solis v. Malkani*, 638 F.3d 269, 274 (4th Cir. 2011) (citing *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983)). Where objections consist of general and conclusory objections that are not directed to a specific error, the court reviews for clear error. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *Brown v. Comm'r of Soc. Sec.*, 969 F. Supp. 2d 433, 437 (W.D. Va. 2013).

## DISCUSSION

### I. Oregon Property Value

Defendants' first specific objection is to the determination of a net amount of $455,026.62 from the sale of the Salem, Oregon property. Defendants contend that they should be credited the months of rental payments that Plaintiff would have received from the property but chose to forego, and that Defendants should not bear the burden of the "depressed sales result VSI caused in rendering the property virtually unsellable for over five months due to the extremely inflated price at which VSI elected to place it on the market." (ECF No. 885 at 2-3.)

3

First, Plaintiff was not required to maintain the property with a tenant. At the hearing, Plaintiff's Vice-President, Gerald Skalka, testified that "in consultation…with the Realtor, we determined that the best way to sell the building and the quickest way to sell it and at the highest price was to have a clean, empty building or a nearly empty building with the best opportunity to – to market it." (Hearing Tr. 49-50, ECF No. 883). In addition, Plaintiff has provided detailed documentation as to the marketing and sale of the Salem property and every expenditure related to the sale. (*See* Plaintiff's Exhibits, ECF Nos. 886-1 to 886-7.)

Defendants did not offer any testimony or evidence at the hearing on this issue, arguing only that "[p]resumably, those rents could have continued and could have offset the majority if not all of that mortgage payment expense." (Hearing Tr. 59-60, ECF No. 883.) Defendants now rely only on Judge Garbis' August 15, 2017 Order requiring "[b]y September 30, 2017, and in each month thereafter, Pappas shall arrange to have VSI paid the rent of $7,400.00, the amount of rent for the Salem, Oregon property." (ECF No. 747 at 17.) However, there is nothing in this Order that requires Plaintiff to maintain a tenant in the property for any specific period of time, only that a certain amount of rent shall be paid while SCH remained a tenant. Accordingly, Defendants have provided no basis for crediting any amount of rental payments that Plaintiff would have received from the property had it kept a tenant.

Second and relatedly, Plaintiff has provided ample documentation showing the sale price of the property was reasonable, and Plaintiff exercised its best business judgment to maximize the amount it would receive for the property. (*See* Plaintiff's Exhibits, ECF Nos. 886-1 to 886-7.) Defendants have not proffered any evidence or testimony that would lead this Court to find otherwise.

4

Therefore, this Court adopts Magistrate Judge Sullivan's determination that Defendants are entitled to a credit of $455,026.62 against the Sanctions Award for the sale of the Salem, Oregon property and that this is the net amount of proceeds that Victor Stanley obtained from the sale of the property after deduction of the mortgage balance, selling expenses, carrying costs, and other reasonable and necessary expenses.

## II. Proceeds from the State Court Garnishment Proceeding in Michigan

Defendants also object to the determination that the proceeds VSI obtained from the state court garnishment proceeding in Michigan shall be credited against the underlying judgment, and not against the sanctions award. Defendants argue that the proceeds should instead be credited against the sanctions award because VSI knew in 2017 that Defendant SCH had a contract with Detroit and thus should have specifically excluded this account receivable from the list of accounts receivable that were to be used to pay the sanctions award. (ECF No. 885 at 3-5.)

Defendants' contention is that, because Defendant Pappas revealed accounts receivable from the city of Detroit as a required disclosure under the sanctions order, then such accounts receivable must flow towards the sanctions award and not the underlying judgment. (*See* Hearing Tr. 11, ECF No. 883.) Yet, Defendants offered no testimony or evidence at the hearing to support this assertion. (*See id.* 11-13.) Plaintiff, on the other hand, provided the testimony of its Vice-President, Mr. Skalka, who testified that when Plaintiff obtained a judgment against Defendants in this Court, it filed a request for writ of garnishment against the city of Detroit "based upon the judgment, itself." (*Id.* 22-23; *see also* Plaintiff's Exhibits, ECF Nos. 886-8 to 886-15.)

Plaintiff also provided the writ of garnishment filed in Michigan state court against the Defendant SCH, which lists the City of Detroit as the garnishee, and which states, "Plaintiff received judgment against defendant for $3,186,758.22 on March 16, 2018." (Plaintiff's Exhibit 18, ECF No. 886-11.) Finally, there is nothing in the record to suggest that this Court ordered Defendants to provide accounts receivable information to solely satisfy the sanctions award. Indeed, Michigan law requires that payments made by a garnishee to a judgment-creditor must be credited against the judgment upon which the writ for garnishment is based. *See* Mich. Comp. Laws Ann. § 600.4012 (West 2019); Mich. Ct. R. 3.101(J)(4). Therefore, this Court adopts Magistrate Judge Sullivan's determination that the proceeds that Victor Stanley obtained from the state court garnishment proceeding in Michigan shall be credited against the underlying Judgment, but not against the Sanctions Award.

## CONCLUSION

For the foregoing reasons:

1. Magistrate Judge Sullivan's Order [ECF No. 878] is ADOPTED.

    a. Defendants are entitled to a credit of $455,026.62 against the Sanctions Award for the sale of the Salem, Oregon property. This is the net amount of proceeds that Victor Stanley obtained from the sale of the property after deduction of the mortgage balance, selling expenses, carrying costs, and other reasonable and necessary expenses.

    b. The proceeds that Victor Stanley obtained from the state court garnishment proceeding in Michigan shall be credited against the underlying Judgment, but not against the Sanctions Award.

SO ORDERED, on January 2, 2020.

/s/ Richard D. Bennett
Richard D. Bennett
United States District Judge