IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Victor Stanley, Inc.,                              *

      Plaintiff,                              *

      vs.                              *        CIVIL ACTION NO. RDB-06-2662

SCH Enterprises, LLC, et al.,                *

      Defendants.                              *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM & ORDER TO APPEAR

The Court has before it Magistrate Judge Sullivan's Certification of Civil Contempt of August 14, 2020 (ECF No. 918), Defendants' Objections to Findings in Magistrate Judge's Certification of Civil Contempt (ECF No. 920), and the materials submitted by the parties relating thereto (ECF Nos. 921, 923). In the Certification of Civil Contempt, Judge Sullivan recommended that this Court direct Defendants to pay $100,000 to Plaintiff, Victor Stanley, Inc. ("VSI") by a date certain, such as within 30 days of this Court's Memorandum Order, and that this Court direct Defendants to make quarterly payments to VSI, in the amount of $40,000. (ECF No. 918 at 25.) In addition, Judge Sullivan determined that civil contempt proceedings are warranted and has recommended that this Court direct that the Defendants, SCH Enterprises, LLC, and Mark T. Pappas ("Mr. Pappas"), appear before this Court to show cause why they should not be found in contempt of Court for failing to comply with this Court's order of April 20, 2016. (ECF No. 918 at 26.)

For the reasons that follow, this Court shall order the Defendants, SCH Enterprises, LLC, and Mr. Pappas to appear before this Court on Tuesday, July 20, 2021 at 11:00 a.m. to

show cause why they should not be found in contempt of Court for failing to comply with this Court's order of April 20, 2016 and subject to possible fine and/or incarceration.[1]

## BACKGROUND

Inasmuch as the parties are fully familiar with the pertinent background, it suffices to state that currently, the status of this litigation is that Plaintiff, Victor Stanley, Inc. ("VSI") is seeking to collect on its judgment and on sanctions that have been awarded.[2] This effort has been ongoing since the first sanctions were awarded in November 2010, final judgment in favor of VSI in November 2011, and further sanctions awarded during the collections process. (*See, e.g.,* ECF Nos. 721, 747, 828, 850, 896, 897 (summarizing the various judgments and failures to comply by the Defendants).)

Most recently, in January 2020, the case was referred to Magistrate Judge Sullivan for post-judgment proceedings in accordance with Maryland Rule of Procedure 2-633, governing discovery requests in aid of enforcement of a money judgment. (ECF No. 899.) On January 15, 2020, Plaintiff VSI requested a hearing on the failure of Defendants "to make any voluntarily payments towards the Sanctions Award (ECF No. 722)." (ECF No. 900.) Magistrate Judge Sullivan held a hearing on February 27, 2020, where, in addition to witness testimony by Defendant Mr. Pappas and Plaintiff VSI's Vice President, Gerald Skalka ("Mr.

---

[1] As Plaintiff VSI agrees, the Defendants are entitled to a hearing before this Court makes an adjudication that the Defendants are in contempt of court for the misconduct outlined by Judge Sullivan in the Certification of Civil Contempt (ECF No. 918). (ECF No. 921 at 1 n.1.) Accordingly, this Court shall wait until the July 20, 2021 hearing to address Judge Sullivan's recommendations that Defendants should pay $100,000 to Plaintiff VSI by a date certain and that Defendants should make quarterly payments to VSI in the amount of $40,000. This Memorandum Order only addresses Judge Sullivan's recommendation that a show cause hearing be held before this Court.

[2] This case was initially assigned to the Honorable Marvin J. Garbis, who has since retired, and the case was reassigned to the undersigned on September 27, 2018.

Skalka"), exhibits were admitted into evidence by both sides. (ECF No. 911.) On August 14,

2020, issued a Certification of Civil Contempt forthwith, recommending as follows:

1. Defendants shall pay $100,000 to Plaintiff VSI by a date certain, such as within 30 days of the Court's Order adjudicating the recommendations within the Certification of Civil Contempt. Should Defendants fail to fully comply, this Court shall take appropriate action that may include an arrest warrant for Mr. Pappas and Mr. Pappas will be imprisoned until Defendants have made the $100,000 payment, or until Defendants prove "categorically and in detail" that they are unable to make the payment.

2. Defendants shall make quarterly payments to VSI, in the amount of $40,000. If the Defendants comply with this recommendation, the Sanctions Award will be paid in full in less than three years. If VSI obtains evidence of a change in Defendants' financial situation, VSI may bring this to the Court's attention and request that the contempt remedy be revised and the payment schedule modified.[3]

3. That this Court direct that the Defendants, SCH Enterprises, LLC, and Mark T. Pappas ("Mr. Pappas"), appear before this Court to show cause why they should not be found in contempt of Court for failing to comply with this Court's order of April 20, 2016.

(ECF No. 918 at 25-26.)

Defendants timely filed Objections on August 28, 2020. (ECF No. 920.) VSI filed a

response (ECF No. 921) to Defendants' objections, Defendants filed a Reply thereto (ECF

No. 923). In addition, since August of 2020, Plaintiff VSI has filed monthly status reports

indicating that there have been no payments by the Defendants towards the Sanctions Award.

(*See* ECF Nos. 919, 922, 924, 925, 926, 927, 928, 929, 930, 931, 932.) Because the parties are

---

[3] For example, after the February 27, 2020 show cause hearing, on August 10, 2020, VSI informed the Court that "SCH received approximately $260,000 in covid-19 related federal funds and in July used $36,000 of those funds to pay off a pre-existing loan with OnDeck Capital." (ECF No. 916 at 1.)

entitled to a hearing prior to any adjudication that Defendants are in contempt of court for the misconduct outlined above by Judge Sullivan in the Certification of Civil Contempt, this Court will hold a show cause hearing to address these matters.

## DISCUSSION

In addition to recommending that Defendants make immediate and future payments to Plaintiff VSI for Defendants' failure to comply with this Court's order of April 20, 2016, Judge Sullivan determined that civil contempt proceedings are warranted, and recommended that this Court direct that Mr. Pappas and SCH Enterprises, LLC appear before this Court to show cause why they should not be found in contempt of Court for failing to comply with this Court's order of April 20, 2016. (ECF No. 918 at 26.)

When reviewing a magistrate judge's findings, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court reviews de novo any portions of the recommendations to which a specific objection is made, id., but may adopt, without explanation, any of the magistrate judge's recommendations to which no objections are filed. *Solis v. Malkani*, 638 F.3d 269, 274 (4th Cir. 2011) (citing *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983)). Where objections consist of general and conclusory objections that are not directed to a specific error, the court reviews for clear error. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *Brown v. Comm'r of Soc. Sec.*, 969 F. Supp. 2d 433, 437 (W.D. Va. 2013).

In addition, Section 636(e) of Title 28 of the United States Code sets forth the civil contempt authority that a United States Magistrate Judge may exercise. As relevant here, 28 U.S.C. § 636(e)(6)(B)(iii) provides that, upon a Magistrate Judge's certification of facts, a show

cause hearing shall follow and the "District Judge shall thereupon hear the evidence as to the act or conduct complained of[.]" The United States Court of Appeals for the Fourth Circuit has further instructed that, upon certification of facts under Section 626(e), the District Court shall "allow any party the opportunity to introduce evidence upon request." *Proctor v. State Gov't of North Carolina*, 830 F.2d 514, 522 (4th Cir. 1987). Accordingly, this Court shall order Defendants, including Mark Pappas in person, to appear before this Court to show cause why they should not be found in civil contempt of Court for failing to comply with this Court's order of April 20, 2016 and be subject to possible fine and/or incarceration as recommended in Judge Sullivan's Certification of Civil Contempt.

## CONCLUSION

For the foregoing reasons, each Defendant, Mark Pappas in person and SCH Enterprises, LLC by counsel[4], SHALL APPEAR in Courtroom 5D of the United States Court House in Baltimore, Maryland on Tuesday, July 20, 2021 at 11:00 a.m. E.T. to show cause why they should not be found in civil contempt of Court for failing to comply with this Court's order of April 20, 2016 and subject to possible fine and/or incarceration.[5]

IT IS HEREBY SO ORDERED this 29th day of June, 2021.


_____/s/_____
Richard D. Bennett
United States District Judge

---

[4] The corporate representative and/or owner of SCH Enterprises, LLC is also ORDERED to appear at the show cause hearing on July 20, 2021.
[5] The Court has notified the United States Marshals Service of the upcoming civil contempt proceeding and has requested that a United States Marshal be in attendance at the hearing in the event that Mr. Pappas is taken into custody.