**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **VICTOR STANLEY, INC.,** | * | |
| **Plaintiff,** | * | |
| v. | * | **Civil Action No. RDB-06-2662** |
| **SCH ENTERPRISES, LLC,** *et al.*, | * | |
| **Defendants.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

Plaintiff Victor Stanley, Inc. ("VSI") has been seeking to collect on its judgment and on sanctions that have been awarded against Defendants SCH Enterprises LLC and Mark T. Pappas ("Defendants") since November 2010. Of relevance here, over the past five years, Plaintiff has sought to collect on sanctions awarded on April 20, 2016 for Defendants' failures to comply with the Court's Orders. (ECF Nos. 721, 722.) On August 14, 2019, Plaintiff was awarded $143,087.62 in attorneys' fees and costs relating to those failures from April 21, 2016 to November 20, 2018. (ECF Nos. 890, 891.) Presently pending before the Court is Plaintiff's Supplemental Motion for Attorneys' Fees, seeking $62,226.00 in attorneys' fees for the period from November 20, 2018 to the present. (ECF No. 943.) A hearing was held on August 2, 2021. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons stated on the record at the hearing and for the following reasons, Plaintiff's Supplemental Motion for Attorneys' Fees (ECF No. 943) shall be GRANTED IN PART and Defendants shall pay **$56,193.00** in attorneys' fees to Plaintiff within 90 days of this Memorandum Order, i.e. no later than **November 8, 2021**.

**BACKGROUND**

Inasmuch as the parties are fully familiar with the pertinent background, it suffices to state that currently, the status of this litigation is that Plaintiff, Victor Stanley, Inc. ("VSI") is seeking to collect on its judgment and on sanctions that have been awarded.[1]  In April 2016, Plaintiff was awarded $1,281,315.91 in sanctions.  (ECF No. 722.)  On August 14, 2019, Plaintiff was awarded $143,087.62 in attorneys' fees and costs relating to those failures from April 21, 2016 to November 20, 2018. (ECF Nos. 890, 891.)  In January 2020, the case was referred to Magistrate Judge Sullivan for post-judgment proceedings in accordance with Maryland Rule of Procedure 2-633, governing discovery requests in aid of enforcement of a money judgment.  (ECF No. 899.)  On January 15, 2020, Plaintiff VSI requested a hearing on the failure of Defendants "to make any voluntarily payments towards the [2016] Sanctions Award (ECF No. 722)."  (ECF No. 900.)  Magistrate Judge Sullivan held a hearing on February 27, 2020, where, in addition to witness testimony by Defendant Mr. Pappas and Plaintiff VSI's Vice President, Gerald Skalka ("Mr. Skalka"), exhibits were admitted into evidence by both sides.  (ECF No. 911.)

On August 14, 2020, Judge Sullivan issued a Certification of Civil Contempt, recommending, *inter alia*, that Defendants shall pay $100,000 to Plaintiff VSI by a date certain, such as within 30 days of the Court's Order adjudicating the recommendations within the Certification of Civil Contempt, and should Defendants fail to fully comply, this Court shall take appropriate action that may include an arrest warrant for Mr. Pappas. (ECF No. 918 at

---

[1] This case was initially assigned to the Honorable Marvin J. Garbis, who has since retired, and the case was reassigned to the undersigned on September 27, 2018.

25-26.)   In addition, Judge Sullivan recommended that this Court direct that the Defendants appear before this Court to show cause why they should not be found in contempt of Court for failing to comply with this Court's order of April 20, 2016.   Defendants timely filed Objections on August 28, 2020. (ECF No. 920.)   VSI filed a response (ECF No. 921) to Defendants' objections, Defendants filed a Reply thereto (ECF No. 923). In addition, since August of 2020, Plaintiff VSI has filed monthly status reports indicating that there have been no payments by the Defendants towards the Sanctions Award.  (*See* ECF Nos. 919, 922, 924, 925, 926, 927, 928, 929, 930, 931, 932.)

On June 29, 2021, this Court entered a Memorandum and Order to Appear, scheduling a contempt hearing for July 20, 2021, and ordering Mark Pappas and SCH Enterprises LLC to appear before this Court to show cause why they should not be found in contempt of Court for failing to comply with this Court's order of April 20, 2016.  (ECF No. 933.)  On July 1, 2021, Defendants filed a Request for Confirmation of Sanctions Award and Termination of Contempt Proceedings upon Payment.  (ECF NO. 934.)  This request sought confirmation that once Plaintiff received $395,691.67**,** the amount that Judge Sullivan found to be the remaining balance owed on the Sanctions Award, then the contempt hearing could be terminated, and the sanctions award had been satisfied.  On July 1, 2021, the Court rescheduled the show cause hearing to August 2, 2021 at 2 pm.  (ECF No. 935.)  On July 2, 2021, the Court entered a marginal order approving Defendants' request for confirmation of sanctions award. (ECF No. 936.)

On July 7, 2021, Plaintiffs filed a letter opposing the sanctions award amount of $395,691.67 and requesting that the Court issue a separate order relating to interest and

attorneys' fees for the sanctions award.  (ECF No. 937.)  On July 9, 2021, the Defendants filed a response, providing confirmation of its payment to Plaintiffs of $395,691.67 and arguing that the Court's Order of July 2, 2021 precluded the need for any contempt hearing.  (ECF No. 938.)  On July 13, 2021, counsel was advised that the hearing scheduled for August 2, 2021 would proceed as ordered and that all parties, including Mr. Pappas, were to be in attendance.  The parties were also directed to file status reports in advance of the hearing, outlining the parties' respective positions on any remaining balances still at issue, including attorneys' fees.

On August 2, 2021, this Court held a show cause hearing.  (ECF No. 941.)  At the hearing, the parties agreed that $22,877.00 was the appropriate interest amount on the recently paid sanctions award of $395,691.67.  The parties also agreed that Defendant still owed the balance of the August 14, 2019 attorneys' fee award of $143,087.62 for Plaintiff's efforts in collecting on the 2016 Sanctions Award from April 21, 2016 to November 20, 2018. (ECF Nos. 890, 891.)  Consequently, this Court awarded Plaintiff $22,877.00 in sanctions and directed Plaintiff's attorney to submit a supplemental request for attorneys' fees from November 20, 2018 to the present.  (ECF No. 942.)  On August 3, 2021, Plaintiff filed the pending Supplemental Motion for Attorneys' Fees, seeking $62,226.00 in attorneys' fees. (ECF No. 943.)

## ANALYSIS

"[F]ederal courts have inherent authority to sanction."  *Six v. Generations Federal Credit Union*, 891 F.3d 508, 519 (4th Cir. 2018).  Such authority derives from "'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and

expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). Courts are empowered "to fashion an appropriate sanction for conduct which abuses the judicial process," such as "an order . . . instructing a party that has acted in bad faith to reimburse legal fees and costs incurred by the other side." *Six*, 891 F.3d at 519 (citing *Goodyear Tire*, 137 S. Ct. at 1186) (internal citations omitted)). This Court has previously determined that Defendants failed to comply with this Court's Sanctions Award (ECF Nos. 722, 747, 890). Indeed, Defendants failed to pay the remaining balance on the 2016 Sanctions Award for over five years until threatened by this Court with civil contempt, including possible incarceration. (*See* Show Cause Order, ECF No. 933.)

With respect to attorneys' fees, this Court has previously explained the calculation of a reasonable fee award, often referred to as the "lodestar award," as follows:

> A court's award of reasonable attorneys' fees is the product of the reasonable hours expended multiplied by a reasonable hourly rate. In assessing the reasonableness of the hours and rate claimed, the court considers the following twelve factors elucidated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) and adopted by the Fourth Circuit in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978): "(1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases."

*Diegert v. Baker*, No. RDB-09-0392, 2010 WL 3860639, at *5 (D. Md. Sept. 30, 2010) (quoting *Xiao-Yue Gu v. Hughes STX Corp.*, 127 F. Supp. 2d 751, 764 (D. Md. 2001) (citing *EEOC v.*

*Service News Co.*, 898 F.2d 958, 965 (4th Cir. 1990) and, *inter alia*, *Hensley v. Eckerhart*, 461 U.S. 424 (1983))). "'When . . . the applicant for a fee has carried his burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be the reasonable fee' to which counsel is entitled.'" *Id.* (quoting *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986) (internal citations omitted)).

In examining these factors, this Court finds that Plaintiff's requested award of $62,226.00 in attorneys' fees for November 20, 2018 to the present[2] is unreasonably high. Plaintiff has provided this Court with detailed information regarding the hours expended by two individuals involved in connection with Plaintiff's efforts to obtain Defendants' compliance with the 2016 Sanctions Award. (ECF No. 943.) This effort included the filing of multiple motions by Plaintiff, preparing for and attending four hearings before both the undersigned and Judge Sullivan, filing responses to Defendants' objections to Judge Sullivan's findings, and seeking minimal discovery of Defendants' underlying financial conditions. (*Id.*) In total, Plaintiff asserts that one attorney and one paralegal spent 219.7 hours on these efforts. (*Id.*) Specifically, Plaintiff reports that attorney Randell C. Ogg spent 146.4 hours and his paralegal spent 73.3 hours on these efforts. This Court, having conducted a review of Plaintiff's itemized billing invoices, shall reduce attorney Ogg's hours from 146.4 to 135 and his paralegal's hours from 73.3 to 47.8. This reduction is the result of the Court's reducing the amount of certain billing entries as follows:

---

[2] Plaintiff has already been awarded $143,087.62 for the efforts in collecting on the 2016 Sanctions Award from April 21, 2016 to November 20, 2018. (ECF Nos. 890, 891.)

**December 1, 2018 through December 31, 2018**

| Date | By | Services | Time Billed | Time Adjusted |
|------|------|----------|-------------|---------------|
| 12/4/18 | RCO | Work on draft of Motion for Contempt/Show Cause; research as to factual background; review of relevant exhibits; review of prior orders and content of transcripts | 1.1 | 0.6 |
| 12/5/18 | RCO | Work on draft of Motion for Contempt/Show Cause; continued research as to factual background; review of relevant exhibits; review of prior orders and evidence at hearing of April 4, 2018 | 1.2 | 0.7 |
| 12/10/18 | RCO | Drafting and editing of Motion for Contempt; research re: legal issues; research history and exhibits; review prior testimony of Pappas on relationship of accounts; review email claims of Pappas and Selba as to grounds for refusal; research re: meaning of terms; edit initial draft of affidavit by Jerry Skalka | 2.8 | 2.0 |
| 12/11/18 | PL | Work on Motion for Contempt; assemble exhibits; edits and proofing; consult with Mr. Ogg re: Motion contents and exhibits | 5.0 | 2.0 |
| 12/11/18 | RCO | Edits to Motion for Contempt; edits to Declaration of Jerry Skalka; work re: exhibit review and assembly; multiple communications with Jerry Skalka | 2.9 | 1.5 |

**January 1, 2019 through January 31, 2019**

| Date | By | Services | Time Billed | Time Adjusted |
|------|------|----------|-------------|---------------|
| 1/3 | PL | Work on Reply; research on prior testimony at trial re: valuation | 4.0 | 2.0 |
| 1/4 | RCO | Multiple conversations with Jerry Skalka re: Skalka Affidavit and contents/arguments for Reply Brief | 1.5 | 1.0 |
| 1/5 | RCO | Extended conversation with Jerry Skalka re: edits to Affidavit and Reply Brief; make edits to affidavit and brief | 1.0 | 0.5 |
| 1/7 | RCO | Edits to Reply Brief and Affidavit; communications re: contents with Jerry Skalka. | 3.1 | 2.0 |

| Date | By | Services | Time Billed | Time Adjusted |
|------|----|---------|-------------|---------------|
| 1/8 | PL | Work on Reply Brief and Gerald Skalka Affidavit; research background to documents and dates of filings; collect attached exhibits; organize exhibits; prepare documents for ECF filing; file documents | 5.0 | 2.5 |
| 1/8 | RCO | Further drafting of Reply and Skalka Affidavit; extensive review of exhibits for possible use in Affidavit or Reply; review of SCH expense and sales data; multiple email and phone conversations with Jerry Skalka re: contents of Reply and his Affidavit; email communications with Mr. Selba re: contents of Joint Status Report | 4.1 | 2.0 |
| 1/15 | RCO | Review of email from Selba re: edits to Joint Report; telephone conversation with Jerry Skalka re: two additional edits and Pappas position and exhibits; draft counter-edits; multiple email communications to/from Mr. Selba; review of prior referrals for scope of MJ Sullivan's authority | 1.5 | 1.0 |

## February 1, 2019 through March 31, 2019

| Date | By | Services | Time Billed | Time Adjusted |
|------|----|---------|-------------|---------------|
| 3-12 | PL | Initial research on cases in district courts relating to proper methods of valuation of intellectual property; cross-check cites and Shepardize; | 2.5 | 1.0 |
| 3-18 | RCO | Multiple communications with Judge Bennett's office and Jerry Skalka re: scheduling issues; draft Counter-Status Report to Judge Bennett on compliance; telephone conference and email communication with Jerry Skalka re: Counter Status Report; review Selba letter to Judge Sullivan; | 2.1 | 1.5 |
| 3-21 | PL | Legal research - - cases by Judge Bennett on ability to pay/burden of proof | 1.5 | 1.0 |

## April 1, 2019 through April 30, 2019

| Date | By | Services | Time Billed | Time Adjusted |
|------|----|---------|-------------|---------------|
| 4-2 | PL | Work on comparing various forms of the assignments submitted to Mr. Pappas with versions he signed or proposed; creation of exhibits for hearing; review of prior Pappas testimony | 5.2 | 3.0 |

| 4-10 | RCO | Preparation for Show Cause Hearing; attend Hearing in Baltimore; consultations with Jerry Skalka re: hearing and strategy going forward | 7.0 | 6.0 |
| 4-10 | PL | Attend Contempt Hearing in Baltimore; work on exhibits; assist Mr. Ogg at hearing | 7.0 | 4.0 |
| 4-16 | PL | Follow up, draft, and send out follow up letters/emails regarding VSI Assignment; update Accounts Receivable list for the VSI Assignment; research on potential further account claims; | 4.5 | 2.0 |
| 4-27 | RCO | Review draft of Witherspoon Report for sanctions motion and disclosures; check against orders and deposition testimony; Multiple telephone calls with Jerry Skalka and David Witherspoon re: Expert Report; review suggested edits; collect additional information and data for Witherspoon for his inclusion into Report; review emails from Jerry Skalka re: deposition testimony of Mark Pappas; make edits to Jerry Skalka Disclosure; calculate amounts due on Sanctions Award and Judgment | 3.9 | 3.5 |

## May 1, 2019 through May 31, 2019

| Date | By | Services | Time Billed | Time Adjusted |
|------|----|----------|-------------|---------------|
| 5-17 | PL | Salem Property Calculations; Compilation of Exhibits; Correspondence to Mr. Skalka Re: Salem Property Calculations | 6.3 | 4.0 |
| 5-24 | PL | Preparation for Valuation Hearing; Compilation of Exhibits; Mark exhibits; arrange and make copies; Create cover for exhibits; Organize files and binders for Mr. Ogg | 7.0 | 5.0 |
| 5-31 | PL | Hearing before Judge Sullivan; Work on exhibits and electronic connections; Work with Mr. Ogg at hearing and operation of electronic exhibits | 3.0 | 1.0 |

## June 1, 2019 through June 30, 2019

| Date | By | Services | Time Billed | Time Adjusted |
|------|----|----------|-------------|---------------|
| 6-20 | PL | Work on assembling exhibits for opposition brief; proof reading of brief; create .pdf exhibits; do final cite-checking; create copy for chambers with exhibits; file Opposition brief | 5.0 | 3.0 |

**September 1 through September 30, 2020**

| Date | By | Services | Time Billed | Time Adjusted |
|------|-----|----------|-------------|---------------|
| 9/9 | RCO | Draft of outline for Opposition; further legal research; review of principal points made by Defendants; draft and revise first sections of Opposition; review materials and emails from Jerry Skalka; respond to emails; review of hearing transcript for evidence to cite; | 3.6 | 3.0 |
| 9/10 | RCO | Multiple communications with Jerry Skalka; review of new materials from Jerry Skalka; further review of hearing transcript for supporting points; make revisions and edits to draft Opposition; add new section to Opposition; review of past payments to Pappas and Jeanette Torres and calculation of available funds | 2.9 | 2.0 |

(*See* ECF No. 943.)

Finally, the rates claimed by Plaintiff's counsel are reasonable. Plaintiff seeks reimbursement at rates within the advisory range set forth by this Court's Local Rules. *See* Local Rules, App'x. B (D. Md. 2021). The Local Rules establish the following "presumptively reasonable," *Ledo Pizza Sys., Inc. v. Singh*, No. WDQ-13-2365, 2014 WL 1347113, at *5 (D. Md. Apr. 3, 2014), hourly fee ranges:

    a. Lawyers admitted to the bar for less than five (5) years: $150-225.

    b. Lawyers admitted to the bar for five (5) to eight (8) years: $165-300.

    c. Lawyers admitted to the bar for nine (9) to fourteen (14) years: $225-350.

    d. Lawyers admitted to the bar for fifteen (15) to nineteen (19) years: $275-425.

    e. Lawyers admitted to the bar for twenty (20) or more: $300-475.

    f. Paralegals and law clerks: $95-150.

Local Rules, App'x. B.3 (D. Md. 2021). As detailed in Plaintiff's filing, attorney Randell C. Ogg is an experienced attorney, having graduated from law school in 1977 and having served

as the counsel of record in this case for 13 years.  (ECF No. 943.)  Plaintiff asks this Court to award attorneys' fees at the following rates: $395 for Mr. Ogg and $60 for his paralegal.  (*Id.*)  These rates are within the ranges set forth in Appendix B, and this Court is entirely satisfied that the requested rates are reasonable in this case.  Indeed, Judge Sullivan has previously found Mr. Ogg's hourly rate to be reasonable in this case.  (*See* ECF No. 890.)

Accordingly, accounting for the adjustment of the total hours expended by attorney Ogg to 135 hours and his paralegal to 47.8 hours, and applying the respective requested hourly rates of $395 and $60, the adjusted attorneys' fees calculation is as follows:

| | | |
|---|---|---|
| Randell C. Ogg: | 135 hours at $395 per hour = | $53,325.00 |
| Paralegal: | 47.8 hours at $60 per hour = | $2,868.00 |
| | | $56,193.00 |

Consequently, this Court finds that Plaintiff is entitled to attorneys' fees in the total amount of $56,193.00.

## CONCLUSION

For the reasons stated on the record at the August 2, 2021 hearing and as set forth above, it is this 10th Day of August, 2021, HEREBY ORDERED that Plaintiff's Supplemental Motion for Attorneys' Fees (ECF No. 943) is GRANTED IN PART and Defendants shall pay **$56,193.00** in attorneys' fees to Plaintiff within 90 days of this Memorandum Order, i.e. no later than **November 8, 2021**.  Defendants shall be jointly and severally obligated to pay this sum to Plaintiff.

_____/s/_____
Richard D. Bennett
United States District Judge