IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **VICTOR STANLEY, INC.,** | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-06-2662 |
| **SCH ENTERPRISES, LLC,** *et al.*, | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## <u>MEMORANDUM ORDER</u>

On August 2, 2021, this Court held a Show Cause hearing to determine the remaining amounts owed by Defendants to Plaintiff on sanctions in the amount of $1,281,315.91 awarded on April 20, 2016 for Defendants' failures to comply with the Court's Orders. (ECF Nos. 941, 942.) In 2019, Plaintiff had been awarded $143,087.62 in attorneys' fees and costs relating to those failures from April 21, 2016 to November 20, 2018. (ECF Nos. 890, 891.) At the August 2, 2021 hearing, the parties agreed that $22,877.00 was the appropriate interest amount on the recently paid sanctions award of $395,691.67. (ECF No. 942.) The parties also agreed that Defendant still owed the balance of the August 14, 2019 attorneys' fee award of $143,087.62 for Plaintiff's efforts in collecting on the 2016 Sanctions Award from April 21, 2016 to November 20, 2018. (ECF Nos. 890, 891.) Consequently, this Court awarded Plaintiff $22,877.00 in sanctions and directed Plaintiff's attorney to submit a supplemental request for attorneys' fees from November 20, 2018 to the present. (ECF No. 942.)

On August 10, 2021, this Court entered a Memorandum Order awarding additional attorneys' fees in the amount of $56,193 to be paid within 90 days, i.e. by November 8, 2021.

(ECF No. 944.) On August 17, 2021, Plaintiff filed a letter seeking clarification from this Court as to whether the $143,087.62 attorneys' fees amount awarded in 2019 should also be included in the amount to be paid within 90 days, i.e. by November 8, 2021. (ECF No. 945.) While the Court indicated on the record at the August 2, 2021 hearing that Defendants would be required to pay *all* attorneys' fees within 90 days, including the $143,087.62 attorneys' fees amount, the Memorandum Order (ECF No. 944) inadvertently omitted that statement. Federal Rule of Civil Procedure 60(a) provides that a court may, "on motion or on its own," "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Accordingly, on August 23, 2021, this Court clarified its August 10, 2021 Memorandum Order as follows:

> It is this 23rd Day of August, 2021, HEREBY ORDERED that Plaintiff's Supplemental Motion for Attorneys' Fees (ECF No. 943) is GRANTED IN PART and Defendants shall pay **$56,193.00** in attorneys' fees to Plaintiff within 90 days of this Order, i.e. no later than **November 21, 2021**. In addition, Defendants shall pay the previously awarded attorneys' fees amount of **$143,087.62** to Plaintiff within 90 days of this Order, i.e. no later than **November 21, 2021**. Defendants shall be jointly and severally obligated to pay these sums to Plaintiff.

(ECF No. 948.)

Now pending is Defendants' Motion for Reconsideration of Order Clarifying August 10, 2021 Memorandum Order. (ECF No. 950.) The submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons stated herein, Defendants' Motion for Reconsideration of Order Clarifying August 10, 2021 Memorandum Order (ECF No. 950) is DENIED.

Rule 59(e) authorizes a district court to alter, amend, or vacate a prior judgment, while Rule 60 provides for relief from judgment. *See Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462,

471 n.4 (4th Cir. 2011), *cert. denied*, 132 S. Ct. 115 (2011). As this Court explained in *Cross v. Fleet Reserve Ass'n Pension Plan*, WDQ-05-0001, 2010 WL 3609530, at *2 (D. Md. Sept. 14, 2010):

> A party may move to alter or amend a judgment under Rule 59(e), or for relief from a judgment under Rule 60(b). *See* Fed. R. Civ. P. 59(e) & 60(b). A motion to alter or amend filed within 28 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls. *See* Fed. R. Civ. P. 59(e); *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *In re Burnley*, 988 F.2d 1, 2-3 (4th Cir. 1992).

(footnote omitted). Defendants filed their motion within 28 days of this Court's Order Clarifying August 10, 2021 Memorandum Order. Accordingly, Rule 59(e) governs this Court's analysis. *See, e.g.*, *Knott v. Wedgwood*, DKC-13-2486, 2014 WL 4660811, at *2 (D. Md. Sept. 11, 2014) ("Although Plaintiff purports to bring his motion for reconsideration under Rule 60(b)(1), because it was filed within twenty-eight days of entry of the underlying order, it is properly analyzed under Rule 59(e).")

The United States Court of Appeals for the Fourth Circuit has repeatedly recognized that a final judgment may be amended under Rule 59(e) in only three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *See, e.g.*, *Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n.8 (4th Cir. 2008); *see also Fleming v. Maryland National Capital Park & Panning Commission*, DKC-11-2769, 2012 WL 12877387, at *1 (D. Md. Mar. 8, 2012). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998); *see also Kelly v. Simpson*, RDB-16-4067, 2017 WL 4065820, at *1 (D. Md. Jan. 26, 2017). Moreover, "[t]he district court

has considerable discretion in deciding whether to modify or amend a judgment." *Fleming*, 2012 WL 12877387, at *1.

Defendants have not met the high bar they face to succeed on their Motion to Reconsider. There has been no intervening change in controlling law since this Court's Orders of August 26, 2021 and August 10, 2021; no new evidence has come to light; and no clear error of law or manifest injustice has been identified in this Court's Order. Contrary to Defendants' assertion, the fact that Magistrate Judge Sullivan did not set a date certain for Defendants to pay the attorneys' fee award never precluded this Court from setting such a date. Indeed, this Court was compelled to set a date certain for Defendants to pay the remaining attorneys' fees amount in light of Defendants' ongoing violations of this Court's Orders. (*See* August 10, 2021 Memorandum Order, ECF No. 944.)

For the foregoing reasons, it is this 7th day of October, 2021, HEREBY ORDERED that:

1. Defendant's Motion for Reconsideration of Order Clarifying August 10, 2021 Memorandum Order (ECF No. 950) is DENIED; and

2. The Clerk of the Court transmit copies of this Memorandum Order to counsel of record.

_____/s/_____
Richard D. Bennett
United States District Judge