IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VICTOR STANLEY, INC., | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-06-2662 |
| SCH ENTERPRISES, LLC, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM ORDER

For the past twelve years, Plaintiff Victor Stanley, Inc. ("VSI") has been attempting to collect a judgment and sanctions awarded against Defendants SCH Enterprises, LLC, and Mark T. Pappas in 2011. (Jan. 2, 2020 Mem. Ord. 1–3, ECF No. 896 (summarizing these proceedings).)[1] This case has been referred to Magistrate Judge Sullivan for post-judgment proceedings on several occasions, most recently January 15, 2020. (*See* Referral Ords., ECF Nos. 612, 763, 840, 849, 875, 899.) As relevant, on February 9, 2022, Judge Sullivan granted VSI's Motion to Compel Monthly Production of Defendants' Financial Records. (*See* Mot. Compel, ECF No. 960; Feb. 9, 2022 Ord., ECF No. 963.) Now pending are Defendants' objections to that order (ECF No. 964). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the following reasons, Defendants' Objections to Magistrate Judge's February 9, 2022 Order (ECF No. 964) are hereby **DENIED.**

---

[1] This case was initially assigned to the Honorable Marvin J. Garbis, who has since retired, and the case was reassigned to the undersigned on September 27, 2018.

1

**BACKGROUND**

As the parties are fully familiar with the history of this case, it suffices to state that currently, the status of this litigation is that Plaintiff, Victor Stanley, Inc. ("VSI") is seeking to collect on a judgment that was awarded more than ten years ago. This effort has been ongoing since the first sanctions were awarded by Judge Garbis in November 2010, final judgment was entered in favor of VSI in November 2011, a supplemental judgment of fees and expenses was awarded in December 2013, and additional sanctions were imposed throughout these proceedings. (*See, e.g.*, ECF Nos. 721, 747, 828, 850, 896, 897 (summarizing postjudgment discovery orders and Defendants' failures to comply); *see also* Judgment, ECF No. 488; Supp. J., ECF No. 666.) Throughout the proceedings, Defendants have taken extravagant measures to avoid paying this judgment—such as deleting and destroying evidence, misrepresenting the completeness of their discovery responses, restructuring their businesses, engaging in fraudulent transfers, and fleeing the country. (*See, e.g.*, Aug. 14, 2017 Mem. Op. 10–11, ECF No. 747; Restrictive Ord., ECF No. 740; Report & Recommendations 10, ECF No. 818 (observing that Pappas "has methodically and with great calculation thwarted and ignored this Court's orders").

In April 2016, Judge Sullivan awarded Plaintiff $1,281,315.91 in fees and sanctions for Defendants' continued failure to comply with court-ordered discovery, due by May 23, 2016. (Apr. 20, 2016 Mem. Opp. 27–28, ECF No. 722.) Defendants did not comply with this order, and Plaintiffs' attempt to collect the Sanctions Award resulted in seven years of additional litigation, multiple subsequent hearings, civil contempt proceedings, and additional awards of fees and costs. (*See, e.g.*, Contempt Cert., ECF No. 733; Show Cause Ords., ECF No. 736, 750,

933; Hearings, ECF No. 737, 754, 760, 801, 815, 865, 879, 911, 941; Restrictive Ord., ECF No. 740; Preliminary Inj., ECF No. 802; Post-Hearing Ord., ECF No. 811; Ord. Denying Defs.' Obj. to Sanctions Credits, ECF No. 897; Fee Awards, ECF Nos. 891, 942, 944, 948.) In addition, VSI filed monthly status reports certifying that there had been no payments by Defendants towards the Sanctions Award. (*See* ECF Nos. 919, 922, 924, 925, 926, 927, 928, 929, 930, 931, 932.) The Sanctions Award was satisfied in August 2021, but the Judgment remains unpaid. (*See* Mot. Compel 2, ECF No. 960; Resp. Opp. ¶ 21, ECF No. 961.)

In 2018, Judge Sullivan recommended, and this Court approved, an order granting VSI "monthly access to the full books and records of SCH, including the QuickBooks or other electronically stored accounting data actually used by SCH for the conduct of its business." (Report & Recommendations 15, ECF No. 818; Mem. Order Adopting R&R, ECF No. 828). Defendants ceased their compliance with this order upon fulfillment of the Sanctions Order. Accordingly, VSI served a Request for Production of Documents, requesting the same financial information that was authorized by the 2018 disclosure orders. (ECF No. 960-1.) When Defendants refused to comply with this request, VSI moved pursuant to Fed. R. Civ. P. 26(e) and 37(a)(1) to compel Defendant SCH Enterprises, LLC "to produce each month the following information relating to its assets:

1. its monthly bank statements with cancelled checks; and

2. its QuickBooks data and metadata in readable format.

(Mot. Compel 1.)[2] Judge Sullivan granted this motion on February 9, 2022, reasoning that the Defendants run an active business with a fluctuating financial status, and that the slight burden

---

[2] Defendant Mark Pappas is the owner of SCH Enterprises, LLC. (*Id.*)

of allowing continued monthly access to Defendants' records is outweighed by VSI's needs. (Feb. 9, 2022 Ord., ECF No. 963.) The instant objections followed. (ECF No. 964.)

## STANDARD OF REVIEW

When reviewing a magistrate judge's findings, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court reviews *de novo* any portions of the recommendations to which a specific objection is made, and "may accept, reject, or modify [them] in whole or in part." *Id.*[3] However, the Court may adopt, without explanation, any of the magistrate judge's recommendations to which no objections are filed. *See Solis v. Malkani*, 638 F.3d 269, 274 (4th Cir. 2011) (citing *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983)). Where objections consist of general and conclusory objections that are not directed to a specific error, the court reviews for clear error. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *Brown v. Comm'r of Soc. Sec.*, 969 F. Supp. 2d 433, 437 (W.D. Va. 2013).

## ANALYSIS

"The scope and conduct of discovery are within the sound discretion of the district court." *Columbus-Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 56 F.3d 556, 568 n.16 (4th Cir. 1995); *accord Seaside Farm, Inc. v. United States*, 842 F.3d 853 (4th Cir. 2016); *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390 (4th Cir. 2003). Accordingly, this Court "has broad

---

[3] VSI relies on Fed. R. Civ. P. 72(a) and Local Rule 301.5(a) for the proposition that this Court should review the magistrate's rulings for clear error. (Pl.'s Resp. Opp. 2–3, ECF No. 965.) This is not so. By their plain terms, those rules apply only to pretrial matters, not to postjudgment proceedings. *See* Fed. R. Civ. P. 72(a) ("When a *pretrial matter* not dispositive of a party's claim or defense is referred to a magistrate judge . . . [t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." (emphasis added)); Local Rule 301.5a ("Nondispositive *pretrial matters* include, but are not limited to, discovery disputes and pretrial orders under Fed. R. Civ. P. 16." (emphasis added)).

discretion in whether to grant or deny a motion to compel." *Lone Star Steakhouse & Salon, Inc. v. Alpha V.A., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995). Judge Sullivan ably exercised his discretion to grant Plaintiffs' motion to compel and order monthly production of Defendants' records. Recognizing Defendants' extraordinary efforts to evade the orders of this Court and thwart the collection of the judgment and sanctions against them, this Court affirms Judge Sullivan's ruling and overrules Defendants' objections.

"The rules governing discovery in postjudgment execution proceedings are quite permissive." *Republic of Argentina v. NML Cap., Ltd.*, 573 U.S. 134, 138 (2014) (citing 12 C. Wright, A. Miller, & R. Marcus, Federal Practice and Procedure § 3014, p. 160 (2d ed. 1997)). Rule 69 of the Federal Rules of Civil Procedure authorizes a judgment creditor to "obtain discovery from any person—including the judgment debtor—as provided in [the federal rules] or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). This rule "entitles a judgment creditor to utilize the full panoply of federal discovery measures" to "discover hidden or concealed assets of the judgment debtor." *Am. Synthetic Fibers, LLC v. Nevown, Inc.*, No. 6:08-3875-HFF, 2010 WL 11530990 (D.S.C. Aug. 6, 2010) (quoting *Caisson Corp. v. Cnty W. Bldg. Corp.*, 62 F.R.D. 331, 334 (E.D. Pa. 1974); *Mangaleasing, Inc. v. Staten Island Mall*, 76 F.R.D. 559, 561 n.1 (S.D.N.Y. 1977)); *see also E.I. DuPont de Nemours and Co. v. Kolon Industries, Inc.*, 286 F.R.D. 288, 291-92 (E.D. Va. 2012) ("[P]ost-verdict discovery in aid of the execution of a judgment can result in a 'very thorough examination of the judgment debtor.'" (quoting *Caisson Corp. v. Cnty. W. Bldg. Corp.*, 62 F.R.D. 331, 335 (E.D. Pa. 1974))).

Through the instant motion, VSI requests a court order compelling Defendants to produce bank records and other financial data each month. (Mot. Compel 4–5.) Rule 26(b)(2)

5

of the Federal Rules of Civil Procedure provides that "[a] party who has responded to a request for production must supplement or correct its disclosure or response:

> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>
> (B) as ordered by the court.

Fed. R. Civ. P. 26(e). Judge Sullivan granted VSI's motion pursuant to Rule 26(e)(1)(B). (Feb. 9, 2022 Ord. 3.) Defendants contest this order on three grounds, arguing each of the following: (1) that "there is no benefit that Victor Stanley obtains from the monthly production of Defendant's bank and accounting records;" (2) that the law of the case doctrine precludes an additional ruling on the frequency of discovery; and (3) that "the court is not a judgment collector for VSI." (Defs.' Obj. 2–5.) All three objections are meritless.

First, Defendants argue that this discovery would be unduly burdensome and is sought for an improper purpose. (Defs.' Obj. 2–3.) "Central to resolving any discovery dispute is determining whether the information sought is within the permissible scope of discovery, as stated in Fed. R. Civ. P. 26(b)(1)." *Lynn v. Monarch Recovery Mgmt., Inc.*, 285 F.R.D. 350, 355 (D. Md. 2012). Rule 26(b)(1) provides guidance regarding the scope of discovery, providing:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1); *accord Hickman v. Taylor*, 329 U.S. 495, 507 (1947) ("[D]iscovery, like all matters of procedure, has ultimate and necessary boundaries."); *Victor Stanley, Inc. v. Creative*

6

*Pipe, Inc.*, 269 F.R.D. 497, 523 (D. Md. 2010) (Garbis, J.) ("[A]ll permissible discovery must be measured against the yardstick of proportionality."). Accordingly, Rule 26(b)(2)(C) directs the court to "limit the frequency or extent of discovery" if (i) "the discovery sought is unreasonably cumulative or duplicative;" (ii) "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action;" or (iii) "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

Defendants allege that monthly production of SCH's bank and accounting records will burden them without benefitting VSI, and that this discovery is sought for an improper purpose. (Defs.' Obj. 2–3.) *Cf. E.I. DuPont*, 286 F.R.D. at 292 ("[T]he judgment debtor's discovery should not devolve into a fishing expedition for irrelevant or cumulative information which does not advance [its] purpose."). Specifically, Defendants claim that "despite almost three years of court-ordered, monthly production for the purpose of satisfying the $1.3M Sanctions Award . . . VSI did not once use that production to collect on the Judgment." (*Id.* at 2.) Additionally, Defendants contend that VSI intends to use this continued discovery "to harass Defendants and then claim that SCH's bookkeeping is not in some standard fashion that would facilitate VSI's collection." (*Id.* at 3.)

This argument is unpersuasive. The record reflects that almost twelve years have passed since judgment was rendered in VSI's favor. During this period, "[Plaintiff] has attempted to collect its judgment," and "Defendants have made efforts to impede its ability to do so." (Feb. 9, 2022 Ord. 2.) Their systematic effort to obstruct VSI's discovery and thwart VSI's collection efforts by concealing their assets is well-documented in the record. (*See, e.g.*, Aug. 14, 2017 Mem. Op. 10–11; Restrictive Ord. 2–3; Report & Recommendations 10, ECF No. 818.)

Considering this history of misconduct, and the inherent fluidity of Defendants' enterprise, monthly financial disclosures may be necessary for Plaintiff to ascertain Defendants' assets and at last collect the Judgment it is owed. *Cf.* Fed. R. Civ. P. 26(b)(1) (highlighting "the parties' access to relevant information" and "the importance of discovery in resolving the issues"). Accordingly, the burden of producing monthly bank statements is drastically outweighed by the likely benefits of enabling VSI to swiftly recover and expediting a conclusion to this long-running dispute. *Id.*

Second, Defendants contend that the law of the case doctrine precludes any order changing the frequency of discovery requests. (Defs.' Obj. 3–4.) "The law of the case doctrine generally provides that 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *Bethany Boardwalk Grp., LLC v. Everest Sec. Ins. Co.*, No. ELH-18-3918, 2020 WL 7054760, at *6–7 (D. Md. Dec. 2, 2020) (quoting *Musacchio v. United States*, 577 U.S. 237, 245 (2016)); *see also Pepper v. United States*, 562 U.S. 476, 506 (2011); *Christianson v. Colt Indus. Oper. Corp.*, 486 U.S. 800, 816 (1988) (noting that the doctrine "promotes the finality and efficiency of the judicial process by 'protecting against the agitation of settled issues'" (quoting 1B J. Moore, J. Lucas, & T. Currier, Moore's Federal Practice ¶ 0.404[1], p. 118 (1984))). Properly applied, the law of the case doctrine preserves finality by constraining the circumstances in which a court may revisit an interlocutory order. *See U.S. Tobacco Coop. Inc. v. Big. S. Wholesale of Va., LLC*, 899 F.3d 236, 256 (4th Cir. 2018) (outlining circumstances in which a court may revise its prior orders).

On November 20, 2014, this Court issued an order altering the limits on the frequency and extent of discovery imposed by Fed. R. Civ. P. 26(b)(2). (*See* Nov. 20, 2014 Ord., ECF

8

No. 686.) Among other directives and authorizations, this order permitted VSI to "propound additional discovery requests every six (6) months in order to obtain updated financial information from the Defendants until such time as the judgment is paid in full." (*Id.* ¶ 4.) Defendants contend that an order requiring them to provide monthly disclosures would, in effect, enable more frequent discovery and revisit the substance of this order in contravention of the law of the case. (Defs.' Obj. 3.)

This argument is unavailing. The November 20, 2014 order adjusted the limits on the discovery process mandated by Rule 26(b)(2)—it did not impose a procedure for automatic supplementation of financial information. Comparatively, Judge Sullivan's February 9, 2022 order requires automatic supplementation of financial disclosures pursuant to Rule 26(e)(1)(B). (*Compare* Nov. 20, 2014 Ord. ¶ 4, *with* Feb. 9, 2022 Ord. 3 ("[A]n order requiring Defendants to make a monthly supplement of their discovery production is warranted.").) Accordingly, these two orders are entirely distinct, and the law of the case doctrine is not implicated here. As the instant order does not alter or adjust the limits imposed on the discovery process by Rule 26(b)(2), it does not revisit this court's prior decision or conflict with the rule of law that Judge Sullivan set forth in 2014. Moreover, application of the law of the case doctrine in these circumstances is problematic. Any order permitting or delimiting discovery would hamstring the Court's authority to adjust the boundaries of a discovery dispute as circumstances change and issues arise, and concomitantly incentivize precisely the dilatory tactics that Defendants have employed in this case.[4]

---

[4] For this reason, many courts have held that the law of the case doctrine is not ordinarily or automatically available in the pretrial discovery context. *See, e.g.*, *Lester v. City of Lafayette, Colo.*, 639 F. App'x 538, 542 (10th Cir. 2016) (describing this application of the law of the case doctrine as

Finally, Defendants contend that this Court is acting as a judgment collector, asserting that "VSI has no interest in the 'just, speedy, and inexpensive determination of every action and proceeding,'" and that it "wants the Court's time-consuming involvement every step of the way." (Defs.' Obj. 5.) This contention is meritless, and is not well taken. The record reflects that Defendants, not VSI, are squarely responsible for the exhaustive delays in this litigation. It is Defendants' repeated failures to comply with court orders and meet payment obligations that have extended this dispute for more than a decade. In light of the extraordinary disregard Defendants have shown for their legal obligations over the past ten years, judicial intervention and post-judgment discovery is crucial to the authority of this Court and the integrity of the Judgment it awarded. As Plaintiff aptly notes, "[r]uling on a creditor's discovery dispute—which courts routinely do—does not make a court a 'judgment collector.' It makes the Court the arbiter of a judicial dispute." (Pl.'s Resp. Opp. 7.)

## CONCLUSION

For the reasons outlined above, Defendants' Objections to Magistrate Judge's February 9, 2022 Order (ECF No. 964) are hereby **DENIED.**

Dated: March 17, 2023

                                                                                                    _____/s/_____
                                                                                                     Richard D. Bennett
                                                                                                     United States Senior District Judge

---

"discretionary"); *Boyd v. Coventry Health Care, Inc.*, 828 F. Supp. 2d 809, 813 (D. Md. 2011) (observing that courts have broad authority to revise interlocutory orders prior to final judgment, subject to the law of the case as a discretionary matter); *see also* Fed. R. Civ. P. 54(b). It is likely that this principle extends to postjudgment discovery motions, which serve only to regulate the dispute between the parties and do not decide any substantive matter.